JUDGE PETERS
delivered the opinion of the oodrt:
This is a proceeding by motion in the Franklin circuit court in the name of the Commonwealth against B. Calloway, as sheriff of Harlan county, and his sureties, for failing to pay into the Treasury a balance of the revenue due and collectable in the year 1866.
Judgment was rendered on the 16th of October, 1867, against the defendants for the sum of two thousand three hundred and fifty-four dollars and sixty-four cents, with' interest from the 1st of June, 1866, till paid, with costs and damages; and from that judgment the defendants below have appealed.
The first objection made to the judgment is, that, by the copy of the bond filed in the case, it appears it was executed by the sheriff and his sureties at the June term, 1866, of the Harlan county court; and, as the sheriff was required by the statute to execute the bond for the collection of the revenue at the January or February term of each year (2 R. S., 262), the county court had no legal authority to take the bond of the sheriff for the collection of the revenue at any other term than one of those named; consequently, the bond executed by appellants ■at the June term, 1866, was without lawful authority in the court to take it; was not valid as a statutory bond; and if good as a common law bond, before judgment could have been rendered thereon there must have been an action against the obligors, with service of process. Whether or not that position is maintainable, we propose now to consider.
By section 3, article 9, chapter 83, 2 Revised Statutes, page 262, the sheriff of each county is required to enter into bond, with security, for the collection of the revenue and public dues at the January or February term of the county court in each year.
*386 Section 1, article 11, of the same chapter, page 268, provides, that if any sheriff, clerk, or other person, authorized to collect or receive the public money, revenue, or tax, shall fail to account for or pay into the Treasury, as required by law, the Auditor shall proceed in the name of the Commonwealth, by motion or suit, without notice to the parties, to collect the same by judgment and execution against such sheriff, clerk, or other person, and their sureties, heirs, distributees, devisees, and personal representatives, jointly and severally, at the next or any subsequent term succeeding such defalcation.
The next or second section provides, that the motions or suits in the preceding section mentioned shall be docketed for trial on the third day of the term; and the Auditor is required to file with the clerk of the court a memorandum in writing of the names of the parties, the amount due from each defaulter against whom judgment is demanded, and also a copy of the official bond, if any; and the clerk shall docket such motions or suits in the order in which the names stand on said memorandum.
By section 1, article 9, of said chapter, page 261, the sherifF, by virtue of his office, is made the collector of the revenue ; and if he fail or refuse to execute bond, with surety, as required by law, for the collection thereof, he shall forfeit his office ; and if, after he gives the bond, he fails to pay into the Treasury, by the time prescribed by law, the whole revenue due to the Commonwealth and collected by him, he shall forfeit his office.
The language of the several sections of the statute here quoted is imperative, the terms of the county court at which the bond shall be executed by the sherifF specifically named, and the number limited to two. No power or authority is conferred by the statute on the *387 county court to take the original bond from the sheriff for. the collection of the revenue at any other terms of their court than those named, and no option is given to • the sheriff; but if he fails to execute the bond at one or the other of the terms prescribed, his office shall thereby be forfeited.
The inquiry is not now whether the bond executed by the sheriff in June, 1866, is a good common law bond, as his office had not been adjudged by the proper tribunal forfeited, and as such the sheriff and his sureties may be made responsible for the revenue; but can they on this bond be proceeded against by motion, and in the summary way prescribed as a statutory bond, and judgment rendered thereon without notice or service of process ?
The remedy authorized by the statute against a defaulting sheriff is anomalous in judicial proceedings, and if not harsh, certainly ex parte; and when adopted, the re quirements of the statute must appear to have been complied with, and the liability of the sheriff and his sureties clearly shown.
The power of the county court to require the sheriff to execute supplemental bonds at other terms of the court, after having executed a bond either at the January or February term of the court, either for the indemnity of his sureties or that of the Commonwealth, cannot be questioned; and it would be hazardous to say that, in an action against the sheriff and his sureties as contra-distinguished from a mere motion in the statute, with the necessary and appropriate allegations that such bonds were executed, that the sheriff and sureties would not be liable; but in a proceeding by motion, with a copy of a bond filed, which shows on its face that it was not taken at the time prescribed by law, and without alie *388 gation oi’ explanation, no judgment should have been rendered against appellants, as the summary remedy prescribed by statute and attempted to be pursued in this case applied to sheriffs and their sureties who have executed bonds as required by the statute; nor does the act approved March 5, 1867, entitled “An act for the benefit of B. Calloway, late sheriff of Harlan county” (2d vol. Scss. Acts, 286), change or enlarge the responsibility of, or the remedy against, said sheriff and his sureties.
Wherefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.