CASE 71—PETITION EQUITY—NOVEMBER 1.

# Hall, &c. v. Commonwealth and Baker.

### APPEAL FROM WAYNE CIRCUIT COURT.

1. THE COMMONWEALTH HAS A LIEN FROM THE DATE OF A SHERIFF'S OFFICIAL BOND upon the real estate of the sheriff then owned or afterward acquired by him, which shall not be discharged until the sheriff obtains his quietus for all the revenues and public dues he is bound for. (Section 3, article 9, chapter 83, Revised Statutes, 2 Stanton, 263.)

2. *When it recovers a judgment the commonwealth also has a lien* upon all the estate, legal and equitable, of the sheriff and his sureties, and their heirs, etc., who are defendants to the judgment, from the commencement of the suit till satisfied. (Sec. 6, art. 12, chap. 83, Revised Statutes, 2 Stanton, 269.)

3. The liens in favor of the commonwealth upon the estate of the sheriff, etc., originate from the execution of the bond by the sheriff as required by law. All the provisions of the statute should be strictly complied with.

4. *But no such lien was created in favor of the commonwealth in this case,* because the sheriff's bond was executed in the month of June, when the law required it to be executed in the preceding January or February.

5. A sheriff's bond executed in the month of June, when the law required it to be executed in the preceding January or February, was no statutory bond, and its execution created no lien on the estate of such sheriff.

6. A judgment in favor of the commonwealth against a sheriff and his sureties, rendered on mere motion, without any notice or service of process or appearance, is held to be void in this case, because the sheriff's bond on which such judgment was rendered was not a good statutory bond, as it was executed in the month of June, when the law required it to be executed in January or February.

7. *A judgment without service of process or appearance is void.* (Long v. Montgomery, 6 Bush, 394.)

   In a suit, whether prosecuted by the commonwealth or one of her citizens, in the absence of any statutory provision, the party sued must have notice by service of process, or enter an appearance, before judgment can be legally rendered against him.

JOHN W. TUTTLE, . .  ⎫
                     ⎬  . . . . .  For Appellants,
THOMAS E. BRAMLETTE, ⎭
                        CITED

       Revised Statutes, secs. 1, 2, 3, art. 9, chap. 83.
       Revised Statutes, secs. 1, 6, art. 12, chap. 83.
       Revised Statutes, secs. 1, 2, art. 3, chap. 36.
       Civil Code, section 485.
       Session Acts, 1869, page 105.
   3 Bush, 46, Commonwealth v. Adams.
   4 Bush, 386, Calloway v. Commonwealth,
  14 B. Monroe, 30, Commonwealth, &c. v. Teal.
   2 Metcalfe, 291, Vertrees v. Shean, &c.
   3 Metcalfe, 237, Lowe v. Commonwealth.
   6 Bush, 3, Brown v. Grover, &c.
   1 Littell, 417, Delano v. Jopling.
   6 Bush, 394, Long, &c. v. Montgomery.
   1 Dana, 360, Million v. Riley, &c.
   4 Monroe, 316, Locke, &c. v. Coleman.
   6 B. Monroe, 488, Owens v. Patterson.
   1 Duvall, 87, Harlan v. Lumsden.

A. J. JAMES, . . .   ⎫
                     ⎬  . .    . . .  For Appellees,
JOHN S. VANWINKLE,   ⎭
                        CITED

       Revised Statutes, 2 Stanton, pages 262, 269, 398, 621.
       Ms. Opinion, June 7, 1860, Commonwealth for use, &c. v.
         Johnson and sureties.
   6 Bush 1, Brown v. Grover, &c.
   4 Bush, 383, Calloway v. Commonwealth.
   2 Metcalfe, 237, Lowe v. Commonwealth.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Hall, obtained a judgment in the Wayne Circuit Court against Fleming Bates for eight hundred and forty-seven dollars and the interest, and upon a return of *nulla bona* on the execution that issued on that judgment filed his petition in equity in the same court against Bates, and obtained a judgment subjecting to the payment of his debt the equitable interest of Bates in a house and eighteen acres of ground purchased by Bates of one Ingram; the property was sold under the judgment to pay Hall's debt, and also to

satisfy first a lien on the same in favor of Ingram for the purchase-money. The appellant, L. R. Jones, is now the beneficial owner of the Hall judgment.

After the proceedings in the above-named suit had terminated, but before the money was paid over by the purchaser, the appellee, the Commonwealth of Kentucky, filed a petition to be made a party to the action, alleging that Bates had been sheriff of Wayne County for the year 1860, and was in arrears to the commonwealth for the revenue collected for that year, and that the commonwealth had recovered a judgment against Bates and his sureties for upward of three thousand dollars. The appellee, the commonwealth, also alleged that Bates owned all the property, real and personal, sold under the judgment in favor of Hall against him, besides other property sold by him (Bates) to the appellant, L. R. Jones. A lien by this pleading is claimed for the commonwealth upon all the property of Bates, including that sold under the judgment in favor of Hall, and also the property sold directly by Bates to Jones, so far as the same may be required to pay the debt owing by Bates as sheriff.

By an amended petition filed, the appellee, Baker, one of the sureties of Bates as sheriff, having paid fifteen hundred dollars of the judgment against himself and Bates, claims to be substituted to the rights of the commonwealth to the extent of the money paid by him as surety. The commonwealth and Baker are made parties to the action, and the appellants by proper pleadings insist that they have a lien upon the property in controversy; and upon a final hearing the court below adjudged that the commonwealth had a lien upon the real estate of Bates sold under the Hall judgment, but that no lien existed upon the personal property sold by Bates to Jones.

The only question of any importance to be considered is, had the commonwealth any lien upon the property of Bates either before or at the time of the rendition of the judgment

in favor of Hall, and the sale of the personal property to Jones?

It appears in evidence and from the pleadings that Bates was sheriff of Wayne County for the year 1860, but gave no bond for the collection of the revenue until the month of June in that year; that he acted as sheriff and collected the revenue for that year.   It is provided by the Revised Statutes, volume 2, section 3, page 262, "that the sheriff shall enter into bond with surety for the collection of the revenue and public dues at the January or February term of the county court in each year; the county court shall judge of the sufficiency of the surety, and in no case shall sureties be taken who are not jointly worth, after the payment of all their debts and liabilities, a sum equal to the aggregate amount of revenue to be collected for the year.   The commonwealth shall also have a lien from the date of said bond upon the real estate and slaves of the sheriff then owned or afterward acquired by him, which shall not be discharged until the sheriff obtains his quietus for all the revenues and public dues he is bound for."   Section 6, article 12, 2 Revised Statutes, 269, provides "that judgments in the name of the commonwealth against sheriffs and other public collectors, their sureties, or the heirs, devisees, or personal representatives of any of them, shall bind the estate, legal and equitable, of all the defendants to said judgments from the commencement of suit till satisfied."

By the provisions of these enactments the commonwealth has a lien upon all the real estate of the sheriff owned by him at the date of his official bond, and on all afterward acquired by him, until he obtains a receipt for the revenue and public dues, and also has a lien upon all of the sheriff's estate, and that of his sureties of every kind who are parties to the judgment, from the commencement of the suit upon which the judgment was obtained.

These liabilities are all created upon the part of the sheriff and his sureties by reason of the execution of his official bond, as required by the statute. This bond must be executed, as decided by this court in the case of Calloway v. The Commonwealth (4 Bush, 385), in the months of January or February in each year to make it valid and binding as a statutory bond.

Where a bond is executed by the sheriff in the manner and at the time prescribed by the statute, and he fails to pay over the revenue collected by him, a judgment may be rendered against him and his sureties for the amount due, by either suit or motion, without any service of process or notice whatever to the parties against whom the judgment is obtained. This summary and novel mode of proceding exists by reason of the statute alone, and before it can be enforced all the provisions of the statute under which the proceeding is had should be strictly complied with; and in the case of Calloway, before referred to, this court denied to the commonwealth the right to proceed by motion against him without notice, because he had failed to execute bond in January or February, as required by the statute.

The liens attempted to be asserted in this case by the commonwealth must have originated from the execution of the bond by the sheriff as required by law. This bond must have been executed either in the month of January or February, and having been executed at a later date—viz., in June, 1860—it was no statutory bond, and its execution created no lien on Bates's property. It is true that Bates by the execution of the bond in June is estopped to say he was not sheriff; but this liability and estoppel did not originate by reason of his compliance with the statute or the execution of any statutory obligation, but on account of his own undertaking in the execution of a bond enabling him to collect the revenue that must be regarded as creating a common law liability only.

If Bates after his election as sheriff had acted as such, and proceeded to collect the revenues without the execution of any bond whatever, in a suit against him by the commonwealth for the moneys collected he would have been estopped to deny that he was sheriff; and still his acting in this official capacity would not give to the commonwealth a lien upon his estate, for the reason that it can not exist without a compliance with the statutory enactment creating it.

It is conceded in this case that the judgment was rendered against the sheriff and his sureties on the bond executed in June, without any notice of the motion for judgment or the service of process. In Long v. Montgomery, 6 Bush, 394, this court decided that a judgment without service of process or an appearance is void. We perceive no difference in a suit whether it is prosecuted by the commonwealth or one of her citizens. In the absence of any statutory provision, the party sued must have notice by the service of process or enter an appearance before judgment can be legally rendered.

We are of the opinion that the commonwealth had no lien upon either the real or personal estate of Bates. The judgment of the court below, so far as it gives to the commonwealth or to Baker a lien upon this property, is reversed, and the cause remanded for further proceedings in conformity with this opinion.

The judgment is affirmed on the cross-appeal.