CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
S. S. Farris was the sheriff of Barren County on the first Monday in January, 1874. He was, by virtue of his office, the collector of the state revenue and the public dues. He failed on that day to execute the bond for the collection of such revenue and public dues, and thereby incurred a forfeiture of his office. (Section 1, article 8, chapter 92, General Statutes.)
It thereupon became the duty of the county court to ap *39 point a collector of the revenue for 1874. (Sec. 2, art. 8, chap. 92, General Statutes.) That duty, however, was not performed at once, and on the 22d of January Farris resigned his place of sheriff. Whereupon, in virtue of sec. 5, art. 6, chap. 33, General Statutes, the county court filled the vacancy occasioned by his resignation by the appointment of Basham to the office of sheriff.
When Basham was inducted into office no collector of the revenue had been appointed, and he at once executed the proper bond, and in due time proceeded to collect it. He and his official sureties were proceeded against in the Franklin Circuit Court for failing to pay the amount of the revenue due from the tax-payers of Barren County for 1874 into the state treasury, as required by law. Judgment was rendered against his sureties, and they have appealed to this court, and ask that it shall be reversed.
1. They claim that Basham was not the collector of the revenue for 1874, and therefore that the county court had no right to require and no authority to accept at his hands the bond upon which the judgment in question is founded.
Sec. 1 of art. 8, chap. 92 of the General Statutes, heretofore referred to, provides that “the sheriff, by virtue of his office, shall be collector of the revenue.” The sheriff in office on the first Monday in January who fails to execute bond thereby loses the right to collect the revenue for that year, and also incurs a forfeiture of the office itself. The failure of Farris in that regard imposed on the county court the duty of proceeding with reasonable dispatch to select and qualify a collector of the revenue for that year. But before a proper person had been induced to undertake its collection, that court was called on to appoint a new sheriff. The appointee had lost no personal or official right by the default of his predecessor. He took the office with all the rights, powers, and incidents which by law attached to -it on the day of his ap *40 pointment. The right to collect the revenue, or even to hold the office of sheriff, had been personally forfeited by Farris; but his resignation left the office intact so far as Basham was concerned, and the incidental right of the incumbent to collect the revenue and public dues had not been taken away by the previous appointment and qualification of a special collector. Basham was, therefore, on the 22d of January, 1874, by virtue of his office, the collector for that year, and had the legal right to demand that he should be permitted to execute the bond required by the statute.
2. Appellants claim that, in any event, the bond of Basham is not a statutory bond, because not executed on or before the first Monday in January, 1874, and they deny the right of the Commonwealth to proceed against them by motion in the Franklin Circuit Court, under the provisions of art. 11, chap. 92, General Statutes.
As we have already seen, the statute requires the sheriff, on or before the first Monday in January next succeeding his election, and annually thereafter, to enter into bond for the collection of the revenue, etc. The county courts have no authority to accept the revenue bond after the first Monday in January from a sheriff who was in office or who ought to have been in office on that day; but there is no inhibition, express or implied, upon the power of the county courts to take the bond from a sheriff who lawfully goes into office after the first Monday in January, and who has the right to collect the revenue for the current year. It is the imperative duty of the county court to take the bond of the sheriff having the right to act as collector. If that sheriff was not in office on the first Monday in January, the bond could not have been taken on that day. In this case it was taken on the day the sheriff was inducted into office. That officer was on that day the collector of the revenue and public dues, and it was his statutory duty to execute the bond required by secs. 1, 2, and 3 *41 of art. 8 of the chapter of the General Statutes relating to revenue and taxation, and it was therefore ex necessitate the ' statutory duty of the county court to accept his bond.
These conclusions take this case without the principle of the cases of Hall v. Commonwealth & Baker (8 Bush, 378) and Calloway v. Commonwealth (4 Bush, 383).
3. Some of the appellants insist that they are not bound, because the record shows that they did not sign the bond of the sheriff in person. They, however, signed a paper authorizing and empowering the county court clerk by name to affix their signatures to “ all the bonds required ” of J. M. Basham “ for his official contract, state revenue, and county levy taxes.” They do not dispute the execution of this paper.
The practice of accepting as sureties on statutory and official bonds persons who do not appear in open court and personally acknowledge themselves bound by the covenant is not to be commended or encouraged; but the failure of the county court to observe strictly the directory provisions of the statute in this respect is not of itself sufficient to render the act void or to reduce a statutory to a common-law obligation.
Judgment affirmed.