## BARNETT VS. THE STATE.

1. SUMMONS: *Service of.*
   The return of service of a summons by leaving a copy with the defendant's wife, must show that she was over fifteen years of age.

Barnett vs. The State.

2. MARRIAGE: *Lawful age for.*
    By statute a female may marry at fourteen years of age; but the marriage of a female at the age of twelve years, in a state where the common law rule prevails, would be recognized as valid here.

3. APPEAL TO SUPREME COURT: *On judgment by default.*
    A judgment by default in the circuit court, where there has been no valid service of summons upon the defendant, may be appealed to the supreme court, without any motion to correct it in the circuit court.

ERROR to *Bradley* Circuit Court.
Hon. T. F. SORRELLS, Circuit Judge.
*Met. L. Jones,* for plaintiff in error.
*Attorney General,* contra.

ENGLISH, C. J.   It appears from the transcript returned with the writ of error in this case, that at the September term, 1878, of the circuit court of Bradley county, Samuel Young, who had given a bail-bond, with John R. Barnett as surety, for his appearance at that term of the court, to answer a charge of grand larceny, failed to appear; a forfeiture was entered and a summons ordered for Barnett to appear at the next term and show cause, etc.   A summons was accordingly issued, and return served, and at the March term, 1879, Barnett making default, final judgment was entered against him for the amount of the penalty of the bail-bond, and he afterwards brought error.

1. SUMMONS: Service of. I.   The summons issued upon the forfeiture appears to be in good form; the return made upon it by the sheriff is as follows: "I have, this, twenty-eighth day of January, A. D. 1879, duly served the within, by leaving a true copy of the above summons at the residence and with the wife of the said J. R. Barnett, as herein commanded.

"C. C. GUNNAWAY, Sheriff.
"By C. C. ROBERTSON, D. S."

Barnett vs. The State.

A summons upon the forfeiture of a bail-bond must be executed as in civil actions. *Gantt's Digest, sec. 1743.*

In such actions the service must be, first, by delivering to defendant a copy of the summons; or, second, if he refuses to receive it, by offering a copy thereof to him; or *third,* by leaving a copy of such summons at the usual place of abode of the defendant, with some person who is a member of his family, over the age of fifteen years. *Gantt's Digest, sec. 4514.*

The above return was an attempt to show a service of the summons under the third of the statute modes. If the words, "*at the residence,*" used in the return, may be treated as equivalent to the words, "*at the usual place of abode,*" employed in the statute, the return fails to show that the wife, with whom a copy of the writ was left, was over fifteen years of age. It can not be legally assumed that because she was a wife she was over that age. By our statute a female may become a wife at the age of fourteen years (*Gantt's Digest, sec. 4172*); and the marriage of a female at twelve years of age, occurring in a state where the common law rule prevails, would be recognized by our courts as valid, on the removal of the parties into this state. *Reeves' Dom. Rel., 200.*

2. MARRIAGE: Lawful age for.

In *Bruce et al. v. Arrington, 22 Ark., 362,* the return stated that a copy of the writ was left with defendant's wife, a member of his family, over the age of *fourteen* years, and, on error, the return was held bad and the judgment was reversed, because it did not state that the person with whom the copy of the writ was left was over *fifteen* years of age.

This decision may seem rigid, but statutes providing for a constructive service of writs of summons have received

a strict construction in a series of decisions of this court. See *Rose's Digest, pp. 848, 51.*

**3. APPEAL TO SUPREME COURT: From judgment by default. Motion to correct in circuit court.**

II.   The judgment was on default, and plaintiff made no motion to set it aside before he brought error.

"A judgment or final order shall not be reversed for an error which can be corrected on motion in the inferior courts, until such motion has been made there and over-ruled." *Gantt's Digest, sec. 1100.*

This is a copy of section 903 of the civil code of Kentucky, and the court of appeals of that state has reversed a number of cases, in which judgments were rendered on default, where there was no valid service of process, and where motions were not made in the inferior courts to set aside the judgments before appeal.

See *Ruby v. Grace, 2 Du Vall, 540; Long & Co. v. Montgomery, 6 Bush., 394; Hale v. Commonwealth, 8 Bush, 378.* And we have followed the Kentucky practice. *Files v. Robinson & Co., 30 Ark., 487; Cairo and F. R. R. Co. v. Trout, 32 Ark., 18; Martin et al. v Goodwin & Co., 34 Ark., 682.*

We can not assume, upon the record before us in this case, that plaintiff in error was served with process, and he did not appear to the action.   He may have had no knowledge of the judgment until after the expiration of the term of the court at which it was rendered.

It is unreasonable to apply the provision of the Code above copied, in cases where the defendant is not served with process.   If actually served with process, though the writ or return be defective, he should move to quash, or to set aside the judgment, if rendered on default, before appealing or bringing error, as heretofore held in the cases above cited.

Where there is service of process, or appearance, and

jurisdiction of the subject-matter, the above provision of the Code should be applied in the practice here, as construed in *Badgett v. Jordan, 32 Ark., 154.*

Reversed, and on the remanding of the cause for further proceedings, plaintiff must be regarded as in court by reason of his having brought error.