CASE 68—MOTION—DECEMBER 2.

# Commonwealth v. Yarbrough, &c.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. IN NO CASE CAN THE SHERIFF POSTPONE THE EXECUTION OF HIS REV-
ENUE BOND longer than the first Monday in January, whether the
bond is for the first or second year of his term; and unless the bond is
*accepted* by the court within the time fixed by the statute, it is void.

2. THE POWER OF THE COUNTY COURT TO CONTINUE ITS SESSION FROM
DAY TO DAY for the purpose of transacting business, and make its ses-
sion only one day, relates to the transaction of such business as it may
lawfully do on any of those days, and not to the transaction of such
business as the statute requires to be done on a particular day or
within a given time.

  The court can not, therefore, extend the time for the execution or
acceptance of the sheriff's bond by making no adjourning order, and
continuing its session from day to day.

3. PAROL PROOF TO CONTRADICT RECORD.—The sureties of the sheriff
may show by parol proof that the bond was executed on a da    er
than that which the record recites.

P. W. HARDIN, ATTORNEY GENERAL, AND EDWARD W. HINES
FOR APPELLANT.

WM. LINDSAY, TICE & PARK AND HUGH RODMAN FOR AP-
PELLEES.

  Briefs not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant proceeded, by motion, in the Franklin
Circuit Court, under article 11, chapter 92, of the Gen-
eral Statutes, against W. A. Yarbrough, sheriff of
Graves county, and the appellees as his sureties, to
obtain judgment on his revenue bond for the year
1882. W. A. Yarbrough, sheriff, did not resist the
motion, and the Franklin Circuit Court rendered judg-
ment against him for the amount claimed by the Com-
monwealth. The appellees, by their answers, contested

the right of the appellant to recover from them the amounts claimed on several grounds, among which was that the bond was not taken on or before the first Monday in January, 1882, but was taken and approved by the county court on Tuesday, the 3d day of January, 1882. Therefore, they contend that the bond thus taken was void, and for that reason not binding on them. The Franklin Circuit Court sustained the plea of the appellees, and dismissed the motion as to them. The appellant has appealed to this court.

The following facts are clearly established by the exhibits and proof in the case :

1st. By the record of the county court, it appears that said bond was taken and approved on Monday, the 2d day of January, 1882. 2d. The evidence in the case clearly shows that on Monday, the 2d day of January, 1882, W. A. Yarbrough, as sheriff, together with a portion of the appellees, appeared in the county court and signed said bond, Yarbrough as principal, and said appellees as his sureties, and tendered the same to the county court for acceptance and approval. That the court refused to accept or approve said bond, because it was not, in the opinion of the court, sufficient security for the collection of the revenue for the year 1882; that W. A. Yarbrough then sent his deputy to the country, with a written power of attorney, to obtain the signatures of the other appellees thereto, authorizing the clerk of the county court of Graves to sign their names to said bond as the sureties of W. A. Yarbrough; that on Tuesday, the 3d day of January, 1882, said deputy presented the names of said signers to the power of attorney to the county court, and their names were

vol. 84—32

signed to said bond on that day by the clerk of the court. Thereupon, and not until then, the county court accepted and approved said bond. Is the bond void by reason of its acceptance and approval on Tuesday, the 3d day of January, 1882?

The General Statutes, chapter 92, article 8, section 3, provides, that "the sheriff shall, on or before the first Monday in January next succeeding his election, and annually thereafter, enter into bond, with surety, for the collection of the revenue and public dues. He may execute bond and qualify at any time after he receives his certificate of election, up to and including the first Monday in January next succeeding his election; and it shall be the duty of the judge of the county court to hold a court at any time the sheriff may request for that purpose. The county court shall judge of the sufficiency of the surety," etc. Under this provision the sheriff may, at any time after he receives his certificate of election, but not later than the succeeding first Monday in January, execute the bond required of him as sheriff, and qualify as sheriff. If he elects to execute bond and qualify as sheriff before the first Monday in January next after his election, then he must, annually thereafter, execute a new bond for the collection of the revenue. If he elects to execute bond and qualify on the first Monday in January next after his election, then he must, annually, on the first Monday in January thereafter, execute a new bond for the collection of the revenue. He may acquire the right to execute the bond annually before the first Monday in January by executing his first bond, and qualifying after his election before the first Monday in January

next succeeding his election ; but in no case can he postpone the execution of said bond longer than the first Monday in January, whether the bond is for the first or second year of his term.   The first Monday of January is the "*ultima thule*" of his right to execute the bond, and of the authority of the county court to accept it.   The section *supra* also provides that " the county court shall judge of the sufficiency of the surety, and in no case shall sureties be taken who are not jointly worth," etc.   The court must take the bond and judge of its sufficiency.

The bond, with a portion of the sureties whose names appear to it, was tendered on Monday, the 2d day of January, 1880.   Had the bond been accepted that day by the court it would have been a valid bond, but it was not accepted that day.   The evidence shows that it was rejected that day because of the insufficiency of the sureties—the very thing the court was to judge of. On the next day the bond was signed by additional sureties.   Then, for the first time, the court adjudged that the bond was sufficient.   It was then, for the first time, accepted ; down to that time the bond had no vitality—no legal existence ; it remained in the custody of the officers of the court as a mere escrow.

Even if the bond had been signed and tendered on the second day of January, by a sufficient number of sureties to make it acceptable to the court, and if the court had acted in the premises that day, the bond would have been accepted ; but as the court did not, in fact, adjudge that day that it was sufficient, and accept it as the revenue bond of the sheriff for the ensuing year, it was, as just said, no bond.   It could not become

a bond of binding force, indeed, of any force at all, un-til the court had adjudged it sufficient, and accepted it as the sheriff's revenue bond for the ensuing year.

As the power of the county court to take the revenue bond of sheriffs exists alone by statutory authority, and as the statute prescribes the time in which such bond shall be taken, and as such bond, although ten-dered and partially signed within the time fixed by the statute, has no binding force until adjudged sufficient and accepted by the county court within the time fixed, it follows that the action of the county court in taking the bond in controversy not within the time fixed by the statute was without authority, and the bond is, therefore, void. (Calloway v. The Commonwealth, 4 Bush, 383; Fletcher v. Leight, Barrett & Co., 4 Bush, 303; Hall, &c., v. The Commonwealth, 8 Bush, 378; Basham v. The Commonwealth, 13 Bush, 36; Lowe v. Phelps, 14 Bush, 642.)

The fact that the county court may continue its ses-sion from day to day, and by signing the adjourning order only on the last day, make its session but one day, did not authorize the county court in this case to take the bond on Tuesday. The statute fixes Monday as the last day in which the bond could be made and accepted by the court. If the county court could, by this legal fiction, make Tuesday Monday, so as to comply with the terms of the statute which fixes Monday as the last day on which the act could be done, then, by the same legal fiction, it might continue its session, in the same way, until the 30th of January, and make that day Monday, for the purpose of taking the bond.

The power of the county court to continue its session

from day to day for the purpose of transacting business, and make its session only one day, relates to the transaction of such business as it may lawfully do on any of those days, and not to the transaction of such business as the statute requires to be done on a particular day, or within a given time.

The fact that the record of the county court shows that the bond was accepted and approved by the county court on the first Monday in January, 1882, does not prevent the appellees from showing, by proof *aliunde*, that the recital of this jurisdictional fact in the record is false. This court, in the case of Gilbert v. Bartlett, 9 Bush, 49, says: "The county courts of this State are courts of limited jurisdiction, and derive all their power from some express statutory provision." Also, in the case of Jacob's Adm'r v. The L. & N. R. R. Co., 10 Bush, 263, this court says, in substance, that a county court having no jurisdiction over certain subjects, except in cases where certain essential and indispensable facts exist, the rule is that such facts conferring jurisdiction must appear in the record. So we see that the county courts of this State are inferior courts of record and of limited statutory jurisdiction ; and in cases like the one before us, their jurisdiction is specially limited by statute, both as to the time and manner of proceeding ; also their official acts, in such cases, are ministerial, and not judicial. It has been repeatedly held in this country, by courts of the highest authority, that the recitals in the proceedings of inferior courts of record, whose power and jurisdiction are created and limited by statute, or whose acts are merely ministerial, of facts necessary to give them jurisdiction, is *prima facie* evi-

dence that the jurisdiction exists; yet that the facts thus set forth may be disproved, and the proceedings avoided by extrinsic and parol evidence. The appellees in this case could not have appealed from the order of the county court, nor could they have moved that court, after its final adjournment of that term, to correct the date of its order. So to deny them the right, when sued upon the bond, to attack the date of the order, and show its falsity, would be to subject them to heavy burdens, for which the truth, if permitted to come to light, would show they were not bound.

The judgment of the lower court is affirmed.