CASE 76—ACTION ON SHERIFF'S BOND—Oct. 9.

# Johnson, &c., v. Logan County.

APPEAL FROM LOGAN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANTS APPEAL. AFFIRMED.

SHERIFF—BOND—TIME TO EXECUTE—STATUTE—DIRECTORY PROVISION—SURETIES—POWER OF ATTORNEY.

Held: 1. Under 1 Acts 1885-86, p. 1214, section 2, requiring the sheriff to execute bond as collector of a special tax within fifteen days after the levy of the tax by the county court, and providing that upon his failure to execute bond within the time fixed, it should be the duty of the county court to elect a suitable person to collect the tax, the county court had power to take a bond from the sheriff after the expiration of the

Johnson, &c., v. Logan County.

fifteen days, the requirement as to time of execution being directory merely.

2. An agent authorized by the terms of a power of attorney to sign the names of the makers as sureties to a sheriff's bond as collector of a special tax "at such time as said bond may be executed as required by law," had authority to sign the names of the makers as sureties to a bond executed by the sheriff after the time fixed by the statute for its execution, the county court having authority to take the bond, though not executed within the time prescribed.

J. H. BOWDEN, FOR APPELLANTS.     (S. R. CREWDSON, OF COUNSEL.)

The question in this case is whether the sureties on the county revenue and official bond of the sheriff are liable for the collection of a local railroad tax. An examination will show that the only power intended to be given was to execute the bond required by section 2 of the Act of April 7, 1886, vol. 1, Acts 1885-6, page 1214. There was no other statute requiring a railroad bond to be executed. The very language of the power restricted its execution to the time in which the law required it to be executed; it was to sign their names to a bond, and to execute it at such time as the law required. The act provided "such bond shall be executed within fifteen days after the levy of said tax by the county court." That was not a power to execute a bond after that date—months after that date as was done. A bond executed before the expiration of the fifteen days would have been a statutory bond; but executed later, it was not. A power must be executed according to its terms. A surety in a statutory bond has certain statutory rights to demand indemnity which the surety in a common law bond has not. We claim that Evans had no power to execute the bond after the end of fifteen days and that therefore the bond is void.

CITATIONS.

Vol. 1, Acts 1885-6, p. 1214; 84 Ky., 496; 4 Bush, 483; 8 Bush, 38 and 378; 4 Mon., 484; 1 Metc., 410; Ky. Stats.,

HAZELRIGG & CHENAULT, FOR APPELLANTS.

Evans in the exercise of what he probably supposed was his right and authority to do, under the power of attorney, signed the names of these appellants to what was denominated the railroad tax bond, and this is the bond on which appellants have been held liable by the trial court, and from which judg-

ment this appeal is prosecuted. All the names were signed by Evans except two—Vernon Price and L. A. Freeman—and they signed, in person, on the belief that the others were bound. If not, then they are not bound as has been often held.

The sole question is: Was the signing by Evans a due execution of the power? We say most emphatically it was not.

The act referred to in the power is a part of the power, and when the law required the execution of the railroad tax bond to be "within fifteen days after the levy of said tax by the county court," and the power constituted and appointed Evans attorney in fact "to sign our names as sureties to each of said bonds at such time, or times, as said bonds may be executed as required by law;" then nothing remains but to follow the letter and meaning of the two instrumentalities by which the liability of the sureties is measured. The conclusion is inevitable that the power gave authority to Evans to execute the bond only within fifteen days after the levy of the special tax in April, 1894. The bond having been executed November 27, 1894, more than seven months after the levy, is therefore void because not authorized by the power and not the act and deed of the appellants.

E. A. VICK AND W. L. REEVES, FOR APPELLEES.

The sole question in this case is whether the plea of *non est factum* by the sureties on the special bond is good; in other words, whether or not the county court had the right to take, accept and approve the bond of the sheriff given for the collection of the taxes levied under the Act of April 7, 1886, after more than fifteen days after the levy of the taxes by the Logan fiscal court.

We regard the language of the act as not mandatory, but directory merely.

Some question is raised as to whether or not these taxes were collected before or after the execution of the special bond. This is immaterial for three reasons. (1) There is no proof of it; (2) the sheriff made large payments from time to time which went to pay the taxes, if any, collected before said bond was executed, and (3) because section 4134, which has been adjudged by this court to apply to bonds for the collection of the State, county and district revenue, contains this provision:

'And the sureties on all the bonds shall be jointly and severally liable for any default of the sheriff during the term in which said bond may be executed, whether the liability accrued before or after the execution of the bond or bonds."

CITATIONS.

Schuff v. Pflanz, 99 Ky., 97; Howard v. Com., 20 Ky. Law
Rep., 1411; Pulaski Co. v. Watson, 21 Ky. Law Rep., 61; Adair
v. Hancock Deposit Bank, 21 Ky. Law Rep., 934; Catron v.
Com., 21 Ky. Law Rep., 650; Brown v. Com., 17 Ky. Law Rep.,
1216; McTague v. Com., 17 Ky. Law Rep., 1418; Stamper v.
Com., 19 Ky. Law Rep., 1014.

WILBUR F. BROWDER, FOR APELLEES.

1. Under the provisions of the Kentucky Statutes the sureties of a
sheriff, on *all* the bonds executed by him, and them during his
*term* of officer are jointly and severally liable for any default of
his, whether such default occurred before or after the execution
of any of the bonds.
2. And this rule applies to a special tax levied under a local act
authorizing the fiscal court to provide by taxation for the pay-
ment of interest on bonds issued by a county to aid in the con-
struction of a railroad, especially where the sheriff is charged
by the terms of the act, with the duty of collecting it.
3. Powers of attorney are to be construed most strongly against
the makers.

CASES CITED.

1 Acts 1885-6, p. 1213; Ky. Stats., secs. 4130-4; Ky. Stats.;
sec. 4131; Ky. Stats., sec. 1882-5; Ky. Stats., secs. 4556-4587;
Ky. Stats., secs. 4019-4281; Ky. Stats., sec. 4129; Ky. Stats.,
sec. 4443; 99 Ky., 97, Schuff v. Pflanz; 20 Ky. Law Rep., 1411,
Howard v. Com.; 21 Ky. Law Rep., 61, Pulaski Co. v. Watson;
21 Ky. Law Rep., 650, Catron v. Com.; 21 Ky. Law Rep., 934,
Adair, &c., v. Hancock Dep. Bank; 10 Bush 132, Thompson v.
Anderson; Rev. Stats., sec. 3, art. 2, ch. 26; Gen'l. Stats., sec.
3, ch. 100; 3 Bush, 41, Com. v. Adams; 8 Wheat. (U. S.), 174,
Hunt v. Roussmanier; 8 Cal., 620, Porter v. Herman; Wharton
on Agency, sec. 223; 4 Wash., 132, DeTastett v. Crousillat; 14
Pet. (U. S.), 479 Brown v. McGran; 70 Pa. St., 181, Stall v.
Meek; 37 Conn., 378, Weed v. Adams; 28 Ala., 424, Livingston
v. Arrington; 9 Wall., 394, Noonan v. Bradley; 9 Cush. (Mass.),
46, Barney v. Newcomb; 36 Me., 309, Pike v. Monroe; Endlich
on Int. of Stats., sec. 431; 58 N. H., 17, Davis v. Smith; 14
Bush, 642, Lowe v. Phelps; 13 Bush, 36, Basham v. Com.; 4
Bush, 384, Calloway v. Com.; Gen'l. Stats., sec. 1, art. 8, ch. 92.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The fiscal court of Logan county, on April 3, 1894, levied
a tax to meet the interest and create a sinking fund for

the bonds issued by the county in payment of its sub-
scription to the Owensboro & Russellville Railroad. W.
T. Price, the sheriff of the county, undertook the collection
of the tax, and, having failed to pay over the money, this
suit was filed against him and his sureties on the bond
given by him pursuant to the act under which the tax was
levied. The sureties defended the action on the ground
that the bond was not taken by the county court within
the time fixed by the statute, and that it was not warrant-
ed by the power of attorney under which their names were
placed to it. The court below adjudged their defense bad,
and they have appealed.

The statute required the bond to be executed within
fifteen days after the levy was made. The bond was not
executed until November 27, 1894, or nearly seven months
after the levy was made. The question presented is, did
this invalidate the bond? The provision of the statute
under which the bond was given is as follows (1 Acts 1885-
86, p. 1214, sec. 2): "Sec. 2. That all taxes levied under
the authority of this act shall be collected by, or paid to,
the sheriff of Logan county, who shall receive for his
services therefor a commission of four and one-half (4½)
per cent. upon the amounts collected. Before entering
upon the duty of collecting said tax, the sheriff shall
execute a bond to said county, with good and sufficient
sureties, to be approved by the judge of the Logan county
court, conditioned that he will faithfully, and within the
time prescribed by this act, collect and pay over to the prop-
er person the levy placed in his hands for collection. Said
bond shall be executed within fifteen days after the levy
of said tax by the county court, and upon his failure to
execute same within the time mentioned, it shall be the
duty of the county court composed of the judge and a

majority of the magistrates in commission, to elect a suitable person to collect said tax, who, when elected shall execute bond in the manner hereinbefore prescribed, and within fifteen days after his election, and shall have the same powers and be under the same responsibilities as the sheriff in respect to the collection of the State revenue. If said collector shall fail to execute the bond as hereinbefore stipulated, said court shall forthwith elect another, and so on until a collector shall be procured to collect said tax." The design of the statute in requiring the bond to be given within fifteen days, and in making it the duty of the county court, if the bond was not given within that time, to appoint a collector, and, if he did not execute bond as required, to appoint another, was to secure the prompt collection of the tax for the payment of the debt. But, while it was the duty of the court to appoint a collector if the sheriff failed to execute the bond in proper time they might appoint the sheriff collector, and when it accomplished the same purpose to take the bond from him as sheriff, the essential demand of the statute was satisfied. "Statutory prescriptions in regard to time for, and mode of, proceeding by public functionaries are generally directory; as they are not of the essence of the thing to be done, but are given simply with a view to secure system, uniformity, and dispatch in the conduct of public business." 23 Am. & Eng. Ency. Law, 458. The substance of the thing to be done upon which the rights of the public depend is the giving of the bond, not the precise time or manner in which it is given. The time, as far as the validity of the bond is concerned, is merely directory, when the statute does not negative its validity if given later. Schuff v. Pflanz, 99 Ky., 97 (18 R., 25), (35 S. W., 132); City of Chicago v. Gage, 95 Ill., 593, 35 Am. Rep., 182; Duntley v.

Davis, 42 Hun. 229; State *ex rel.* Attorney General v. Churchill, 41 Mo., 41. The cases of Calloway v. Com., 67 Ky., 383; Hall v. Com., 71 Ky., 378; Com. v. Yarbrough, 84 Ky., 496 (8 R. 483), 2 S. W., 68,—relied on for appellants, were decided under statutory provisions making the bond invalid if not taken at the required time. We conclude, therefore, that the county court had power, there being nothing in the act inhibiting it, to take the bond from the sheriff after the expiration of the fifteen days.

It remains to consider whether the bond was warranted by the power of attorney under which appellants' names were signed to it. The power of attorney and the bond in question are in these words: "Whereas, W. T. Price, sheriff of Logan county, Ky., is required by law to execute a bond on or before the first Monday of January, 1894, for the faithful performance of all his duties as sheriff aforesaid, for the year 1894, and as sheriff will be required to execute a bond for the collection of the Owensboro & Russellville Railroad tax of Logan county for the year 1894, to pay the interest on the bonds of Logan county issued in aid of the construction of the Owensboro & Russellville Railroad in Logan county, and to create a sinking fund, when the county court of Logan county shall have levied said tax for the year 1894: Now, we whose names are subscribed hereto do hereby nominate, constitute, and appoint H. L. Evans as our agent and attorney in fact, for us and in our stead, to sign our names as sureties to each of said bonds, at such time or times as said bonds may be executed as required by law, and the acts of our agent and attorney in fact hereunder shall be as binding on us and each of us as if done by us in our own proper person, it being our purpose to become the sureties of said W. T. Price on both his sheriff's bond and his Owens-

boro & Russellville Railroad collector's bond, each for the
year 1894; and, it further appearing that said Price will
be required to execute an official bond as heretofore, we do
hereby authorize our said attorney in fact to sign our
names as sureties to said bond also hereby ratifying what-
ever he may do hereunder as our agent and attorney in
fact.    Witness our hands, this 23d day of December,
1893." "Whereas, W. T. Price, sheriff of Logan county, is
authorized by law to collect the tax levied by the Logan
county court at the April term, 1894, to pay accrued and
accruing interest on the bonds of Logan county issued in
aid of the construction of the Owensboro & Russellville
Railroad, and create a sinking fund:    Now, we, W. T.
Price, sheriff, as principal, and Vernon Price, T. A. Linton,
C. P. Johnson, A. McCarley A. E. Griffith, J. H. Price,
Joseph Rogers, H. R. Wilson, T. E. Hall, J. W. Linton,
and J. S. Hughes, his sureties, do hereby covenant to and
with said Logan county, and hereby agree and bind our-
selves, our heirs and assigns, that the said W. T. Price
will faithfully, within the time prescribed by law and the
provisions embraced in an act of the General Assembly
of the State of Kentucky, approved April 6, 1886, and
designated as chapter 532, and amendments thereto ap-
proved May 18, 1886, and designated as chapters 1285
and 532, collect and pay over to the proper person
the levy placed in his hands for collection, as levied by the
county court aforesaid, and for the year 1894.    And we
hereby covenant and bind ourselves that the said Price,
as sheriff and collector aforesaid, will faithfully discharge
his duties in regard to the reports and payments prescribed
by the act and the amendments thereto recited, and will
in all things else conform to the requirements of law as

collector aforesaid. (Note. The act referred to was approved April 7, not April 6, 1886.) Witness our signatures this, the 27th day of November, 1894." It will be seen that the power of attorney was given on December 23, 1893, in anticipation that a levy would be made to pay the interest on the railroad bonds and create a sinking fund. The attorney in fact was authorized to sign appellants' names as sureties to the bond at such time or times as the bond might be executed as required by law. To leave no room for doubt, it is added that it is their purpose to become the sureties of Price on both his sheriff's bond and the railroad-tax bond for the year 1894. The law required the bond for the railroad tax to be executed, and the power of attorney empowered the attorney in fact to sign appellants' names to the bond at such time or times as it might lawfully be executed. If the bond was not given at the proper time, and the county court still had authority to take it, the bond, though given after the time fixed by the statute, was taken at a time when it might "be executed as required by law." The substance of the power of attorney, is that it was appellants' purpose to become the sureties of Price on this bond, and that Evans, as their attorney in fact, was authorized to sign their names to it when the sheriff might lawfully give it. As the county court had authority to take the bond after the expiration of the 15 days within which it should properly have been executed, the bond was executed as required by law, and the appellants are bound thereon.

The other questions discussed by counsel have not been finally passed on by the trial court, and are therefore not before us on this appeal.

Judgment affirmed.