## Carter, Paymaster, *vs* Sympson.

**DEBT.**

**APPEAL FROM THE GREEN CIRCUIT.**

*Case* 41.

*Evidence. Public officers. Motions. Sheriffs.*

JUDGE SIMPSON delivered the opinion of the Court.

*January 5.*

THIS is a suit on the Sheriff's bond for a failure to pay over militia fines placed in his hands for collection.

Case stated.

The defendant, among other pleas, filed one denying that the relator was paymaster of the regiment at the time of the institution of the suit. Issue was taken on this plea, as well as the others, and a trial had, which resulted in a verdict and judgment for the defendant.

The competency of the proof offered by the plaintiff to establish the fact, that the relator was paymaster, is the main question to be considered.

Without showing the loss of his commission, or that search had been made for it, proof was introduced of his having acted in the capacity of paymaster for many years, having been recognized as such by the officers of the regiment, and by former Sheriffs, and of his having executed a bond in the County Court, for the faithful discharge of his duties, as required by the statute.

This proof was, on motion of the defendant, excluded from the jury, on the ground, as we suppose, that it was only secondary evidence of his appointment to the office; and that his commission being the primary evidence, should have been produced, unless its loss had been established, so as to lay a foundation for the introduction of proof of an inferior character.

The rule rejecting secondary evidence, is subject to some exceptions, arising either out of the nature of the facts to be proved, or from a regard to public convenience. It is not, in general, necessary to prove the written appointments of public officers. All who are proved to have acted as such, are presumed to have been duly appointed to the office until the contrary appears. The undisturbed exercise of a public office, creates a

Where one has acted as a public officer and is generally recognized as such, he will be presumed to have been regularly appointed until the contrary appears.

strong presumption, that the appointment to it is valid; and where, as in the present instance, the office is held for the benefit of others, the acquiescence of those having an interest in its proper administration, fortifies this presumption: (*Greenleaf on Evidence, pages* 94 *and* 104.

It is, however, contended no suit on the Sheriff's bond, can be prosecuted for the failure to pay over militia fines; that a motion for this purpose, under the act of 1837, (3 *Stat. Law*, 433,) is the only remedy; and inasmuch as this suit was brought on the Sheriff's bond, the judgment for the defendant is correct, and should not be disturbed.

The remedy given by the act of 1837, against Sheriffs in behalf of paymasters, is only cumulative and does not deprive the paymaster of his remedy by suit on the Sheriff's bond, which previously existed; *Bartlett* vs *Prather*, (2 *Bibb*, 586.)

The right to proceed by motion, does not destroy the right to prosecute a suit on the bond. The statute authorizes a suit on the bond, by any person injured by the delinquency of the Sheriff. The remedy by motion is merely cumulative. And the paymaster of the regiment is the proper person to prosecute a suit on the Sheriff's bond, for a failure to collect and account for militia fines: *Bartlett* vs *Prather*, (2 *Bibb*, 586.)

Wherefore, the judgment is reversed and cause remanded for a new trial and further proceedings, consistent with this opinion.

*J. & W. L. Harlan and Spencer* for appellant; *Cates* for appellee.