JUDGE PETERS
delivered the opinion op the court.
This case has been in this court heretofore, when it was reversed, and at the April term of the court below, 1869, *548 the opinion, of this court was filed, the case redocketed, as may he assumed, although the record does not show it; but it does show that on the 9th of April, 1869, a jury was impaneled and sworn, and an amended answer filed, a verdict returned by the jury, and a judgment rendered in conformity thereto in favor of appellant for thirty dollars, with interest from the date thereof, and costs.
On the 17th of May the record was filed with the clerk of this court by appellant, and an appeal allowed by him. The record contains what purports to be a bill of exceptions ; but on the 11th of June, 1869, appellee moved the court to strike from the record that portion of it which purported to be the bill of exceptions. That motion was sustained, as the record did not show that any bill of exceptions had been signed or allowed by the judge of the circuit court.
On the 22d June, 1869, a writ of certiorari was issued by the clerk of this court, directed to the clerk of the Estill Circuit Court, suggesting a diminution of the record, and commanding him to supply the omitted part; to which the clerk responded that there was no order on the record of his court showing that any bill of exceptions was filed, nor that any was ordered to be filed or made a part of the record; that he never saw one until after the court adjourned, and then he found the paper claimed to be a bill of exceptions on the judge’s stand with other papers, but not marked as filed.
At the October term, 1869, as appears on a paper certified by the clerk, the circuit judge had the following order made: “It being within the personal knowledge of the court that the bill of exceptions in this case was approved and signed by the judge of the court at the last April term, and ordered to be made a part of the record; and it appearing by some omission the order to make it a part *549 of the record was not entered up; it is now for then ordered that said bill of exceptions be made a p art of the record of said case, and treated as such.” And following that order is what is stated to be the bill of exceptions.
The record, signed and approved by the judge at the April term, fails to show that any exceptions were taken to the ruling of the court and decisions made in this ease during the progress of the trial, and fails to show that there was a motion for a new trial or that any bill of exceptions was tendered. How is this omission to be remedied? The proposition is to supply the whole by the memory of the judge alone of what took place. The accuracy of the memory of the judge as to what he states can not be questioned; but can omissions and failures to enter orders and judgments be thus supplied at a subsequent term ? If they can, the records of courts must lose their verity, and the rights of the citizen depend on the varying and fading memories of men. The law forbids such a state of things. This question we regard as virtually settled in Vandever v. Griffith, 2 Met. 425.
As therefore this paper was ordered to be filed as a bill of exceptions at a term of the court subsequent to the one at which it was tried, and no order made extending the time for filing the same to the next succeeding term, it can not be regarded as a bill of exceptions; and as, in the absence of that paper, it does not appear that any exceptions were taken to the rulings and opinions of the court below on the trial of the case, the judgment must be affirmed.