Boyd County, &c., v. Ross.

---

CASE 28—APPEAL TO CIRCUIT COURT—DECEMBER 2.

# Boyd County, &c., v. Ross.

APPEAL FROM BOYD CIRCUIT COURT.

1. IT IS ESSENTIAL TO THE VALIDITY OF A COUNTY LEVY BOND executed
   by a sheriff that there should be an order of the county court approv-
   ing and accepting the bond.  And where the court fails to enter such
   an order during the term at which the bond is accepted, it has no
   power, at a subsequent term, to enter the order *nunc pro tunc.*

2. NUNC PRO TUNC ORDER.—The mere recollection of the judge of a
   court of what took place at a former term is not sufficient to authorize
   an addition to, or an amendment of, the record in regard to any order
   or judgment.  There must be something in the record by which to
   amend.

3 SAME—RIGHT OF APPEAL.—Where the county court made an order
   noting the acceptance of a county levy bond, executed at a former
   term, an action having been brought on the bond, the sureties had such
   an interest as gave them the right to except to the making of the
   order and to appeal therefrom to the circuit court.

JOHN F. HAGER AND WM. J. HENDRICK FOR APPELLANT.

'The general power of any court to make *nunc pro tunc* orders such as was
   made in this case, the evidence being satisfactory, is not denied.  The
   difficulty lies in the character of the evidence that is admissible to
   prove the oversight or misprision that is sought to be corrected.
   Some authorities hold that in the case of judgments and decrees, if
   not in the case of formal orders, no other evidence is admissible save
   that of a written character, such as the notes or memoranda of the
   clerk or judge, or some writing in the record.  This is the ancient
   doctrine.  The modern authorities uniformly hold that *any* satisfactory
   or convincing proof, especially when untraversed, is sufficient, even
   though a term may have elapsed.  (*Black on Judgments,* secs. 130,
   135; Freeman on Judgments, secs. 61, 63;  Boyle v. Connelly, 2 Bibb,

7; Conn v. Doyle, *Idem*, 248; Raymond v. Smith, 1 Met., 67; 2 Met., 427; Gray v. Brignardello, 1 Wall, 627; 119 U. S., 587; 25 Conn., 337; 53 Md., 179; 8 Cush., 315; 43 N. H., 508; 14 John., 219; 7 Cow., 244; 3 Dev. L., 423; 1 Dev. L., 313; 2 Jones L., 331; 8 O. St., 201; 24 Wis., 477; Nimbe v. Clark, 4 Am. St. Rep., 828-34, note; 23 Ala., 684; 61 Ala., 329; Graham v. Lynn, 4 B. M., 17; Frink v. Frink (N. H.), 80 Am. Dec., 191; Fay v. Wenzell, 8 Cush., 317; Balch v. Shaw, 7 Cush, 284; Lemerick v. Peter, 18 Me., 186; Weed v. Weed, 25 Conn., 337; Hallister v. Judges, 8 Ohio St., 201; Ins. Co. v. Boone, 95 U. S., 125; Supervisors v. Durant, 9 Wall., 736; Norton v. Sanders, 3 J. J. Mar., 397, and 7 J. J. Mar. 12;, Wade v. Bryant, 9 Ky. Law Rep., 875; Wight, petitioner, 134 U. S., 136; Bishop on Crim. Proc., sec. 1160; Galloway v. McKeithen, 5 Ind., 12; Hyde v. Curling, 10 Mo., 374; State v. Clark, 18 Mo., 432; Nelson v. Baker, 3 McLean, 379; Bilansky v. Minn., 3 Minn., 427.)

In this case the judgment below is erroneous in any view that can be taken of the case. If it was competent for the county court to make the *nunc pro tunc* order on parol proof, it had such proof; if it was competent for the county court to make the order on a written memorandum, it had that also.

2. If the court should decide that written proof is necessary in the case of amending or supplying a judgment, it does not necessarily follow that it would also be necessary in the case of an order which has none of the elements of a judgment, but which is commanded to be made by a court acting in a ministerial capacity for the satisfaction and security of the sovereign power. The penalty for failing to enter the matter of record is that the sheriff can not act at all, not that his sureties or himself shall be released from all obligation. (Murfree on Official Bonds, sec. 46; Brandt on Suretyship and Guaranty, sec. 556 *et seq.*)

KNOTT & EDELEN for appellees.

1. There must be a signing, delivery and acceptance of the sheriff's county levy bond to render it obligatory; and the records of the county court must show in some form the delivery and acceptance. (Gen. Stats., title, County Levy; Commonwealth v. Williams, 14 Bush, 297.)

2. A *nunc pro tunc* order may not be made after the term at which it ought to have been made unless there is a record or some memorandum which the law requires the judge or clerk to make from which the omitted order may be entered. And an amendment of the record by the judge's recollection is of no more binding force than an amendment on parol proof. (Conn v. Doyle, 2 Bibb, 248; Boyle v. Connelly, *Idem*, 7; Norton v. Sanders, 7 J. J. M., 12; Snodgrass v. Adams, *Idem*, 165; 3 Salk., 29; Varnon v. Moore, 1 Mon., 213; Graham v. Lynn, 4 B. M., 17; Raymond v. Smith, 1 Met., 65;,

Boyd County, &c., v. Ross.

Vandever v. Griffith, 2 Met., 425; Lynch v. Reynolds, 6 Bush, 547; Martin v. Martin's Adm'r, 6 Ky. Law Rep., 451; Commonwealth v. Yarbrough, 84 Ky., 496; Wade v. Bryant, 9 Ky. Law Rep., 875; Johnson v. Commonwealth, 80 Ky., 377; Stephens v. Wilson, 14 B. M., 71; Finnell v. Jones' Ex'or, 7 Bush, 359; Black on Judgments, sec. 135; Freeman on Judgments, sec. 61; Herring v. Cherry, 75 Ala., 376; Atkinson v. Atchison, &c., R. Co., 81 Mo., 50; Hegeler v. Heuckel, 27 Cal., 491; Adams v. ReQua, 22 Fla., 250; Pitman v. Lowe, 24 Ga., 429; Makepeace v. Lukens, 27 Ind., 435; Moody v. Grant, 41 Miss., 565; Waldo v. Spencer, 4 Conn., 71; Ludlow v. Johnson, 3 Ohio, 553; Cairo, &c., R. Co. v. Holbrook, 72 Ill., 419.)

EVERETT & LACKEY ON SAME SIDE.

1. Before the bond of Kibbee could become binding upon the sureties, or entitle Kibbee to collect the taxes, it was necessary that the bond should be accepted by the county court, and that the acceptance should be shown by the record. (Commonwealth v. Williams, 14 Bush, 297; Wells v. Caldwell, 1 Mar., 441.)

2. A *nunc pro tunc* order can be entered only when such an order was *in fact* made, but by oversight or mistake has not been entered; and record evidence is required of the *fact* that the order was originally made and of its contents. (Raymond v. Smith, 1 Met., 65; Graham v. Lynn, 4 B. M., 17; Gray v. Brignardello, 1 Wall., 627; Gibson v. Chouteau, 100 Am. Dec.; Dennis v. Heath, 49 Am. Dec., 51; Allen v. Bradford, 37 Am. Dec., 690; Hudson v. Hudson; 56 Am. Dec., 200; Draughan v. Tombeckbee Bank, 18 Am. Dec., 609; Ludlow v. Johnson, 17 Am. Dec., 630; Gardner's Adm'r v. McKinney, MS. Op., Superior Court, September 15, 1882.)

3. The appellees had the right of appeal from the *nunc pro tunc* order. (Commonwealth v. L. & N. R. Co., 12 Ky. Law Rep., 51.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the circuit court reversing and setting aside an order made September 23, 1889, by the Boyd County Court, directing entered of record, *nunc pro tunc*, the following, alleged to have been made and directed entered of record January 23, 1888, as an order of said county court, viz.: "L. L. Kibbee, sheriff of Boyd county, this day appeared in open court and, together with G. W. Ross and others named, who are approved and accepted by the court, entered into,

signed, acknowledged and delivered bond to the Com-
monwealth of Kentucky, conditioned according to law,
for the collection of the county levy of Boyd county for
the year 1888, which bond is accepted and approved by
the court." It seems to be conceded no order of court
approving and accepting the bond of Kibbee, sheriff, and
sureties was entered of record during term of the Boyd
County Court, including January 23, 1888; in fact, it
appears no such entry was made, from the following
recital in the order of September 23, 1889: "The
response of G. W. Ross and others, sureties of L. L.
Kibbee, to rule awarded herein at April term, 1889, of this
court, having been considered, together with the records
of this court, including the county levy bond of said
Kibbee, 23d of January, 1888, the court finds and adjudges,
*from the recollection and memory of the judge (then and
now the court has, of the facts connected with the execution,
acknowledgment, delivery and acceptance of said bond*), that
an order of this court was, on said 23d January, 1888,
made and directed to be entered, accepting and approv-
ing the bond," etc.

It is no less the right and duty of a county court,
under the statute, to pass upon and determine as to
sufficiency of sureties in a county levy than in a revenue
bond. And it is essential to the validity and force of
each that it be not only signed and delivered by sureties,
but also accepted and approved by the court. (Common-
wealth v. Williams, 14 Bush, 297; Bracken County Com-
missioners v. Daum, 80 Ky., 388; Commonwealth v. Yar-
brough, 84 Ky., 496.) It thus becomes apparent that ex-
ecution of the bond, though filed and kept by the clerk, af-
fords no evidence of the other essential and independent

fact that the sureties were approved and the bond was accepted by the court. So that as there was not at the time entered of record an order of court approving and accepting the bond, appellees (sureties) can be made liable for default of the sheriff only, if at all, in virtue of the order of September 23, 1889. And as it appears an action had been brought on the bond against them for that cause, they had a direct interest to resist making such order and clear right of appeal therefrom to the circuit court. The only question, then, for us to consider is whether the county court had authority to make and have recorded the order of September 23, 1889.

In Conn v. Doyle, 2 Bibb, 248, this court used the following language: "During the term the court has power to alter or amend the record according to truth of the case, but after the term expires the court ceases to have such power, except in cases of clerical misprision; and even then it is an inviolable rule that no amendment can be made *unless there is something in the record* to amend by. This rule is necessary to preserve that sanctity and verity which in contemplation of law the record possesses. For if the record could be altered or amended by anything but itself, it would in point of verity be inferior to that by which it is amended."

The general rule thus stated has been repeatedly and uniformly approved and applied by this court. And it has been distinctly held more than once that the mere recollection of the judge of a court of what took place at a former term is not sufficient to authorize an addition to or amendment of the record in regard to any order or judgment. In Lynch v. Reynolds, 6 Bush, 547, is this expression and emphatic language: "The proposition is

to supply the whole by memory of the judge alone of what took place. The accuracy of memory of the judge as to what he states can not be questioned ; but can omissions and failures to enter orders and judgments be thus supplied at a subsequent term? If they can, the records of courts must lose their verity and the rights of citizens depend on varying and fading memories of men. The law forbids such a state of things. This question we regard as settled in Vandever v. Griffith, 2 Met., 425."

It seems to us there could be no better illustration than is afforded by this case of the wisdom of adhering to that rule. The statute in force when the alleged bond was executed required each county judge to ascertain and determine the solvency and sufficiency of county levy bonds; and, in case of approval and acceptances, to make and cause an order showing the fact to be entered of record. It was, besides, his duty to examine the orderbook and see the order was duly entered. But, as result of negligence of the county judge of Boyd in failing to have the order accepting the bond entered of record, if it ever was indeed accepted, there was no way to obtain remedy for default of Sheriff Kibbee against his sureties, without such an order as was attempted to be made September 23, 1889. So that the county judge had a personal interest in making that order whereby to render sureties of Kibbee, not so before, then liable, and release himself from possible liability.

In our opinion the rule should be strictly applied in this case, and the judgment of the circuit court is therefore affirmed.