## Clift, et al. v. Rice.

(Decided November 25, 1919.)

## Appeal from Mason Circuit Court.

1. Officers—Term of Office—Oil Inspector—Vacancy in Office.—
   Under section 2204 of the Kentucky Statutes the term of office of
   an inspector of oils is four years and when a vacancy from any
   cause occurs during the term an appointment to fill the vacancy
   can only be made until the end of the term of four years in which
   the vacancy occurred.
2. Inspection—Oil Inspector—Term of Office—Vacancy.—In determin-
   ing when the term of an oil inspector will expire, whether he was
   appointed to fill a vacancy in the office or appointed when the term
   of four years had ended, it is only necessary to ascertain the date
   of the appointment of the first inspector under section 2204 of the
   Kentucky Statutes and count four year periods from that time.
3. Courts—Nunc Pro Tunc Orders—When Record Evidence Sufficient.
   —Under section 2212 of the Kentucky Statutes an oil inspector is
   required to execute a bond which shall be filed in the office of the
   county clerk; and the execution of this bond with surety, which
   was found in the county clerk's office, was sufficient to authorize
   the subsequent entry of a nunc pro tunc order postdating the
   appointment of the inspector to the day when his bond was exe-
   cuted and fixing his appointment as of that date, although there
   was no order of the county court made on the day the bond was
   executed showing its acceptance or the appointment of the person
   who had executed the bond as oil inspector.

J. M. COLLINS, WORTHINGTON, COCHRAN & BROWNING for
appellants.

STANLEY REED for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Affirming.

In December, 1917, W. H. Rice, county judge of
Mason county, whose term expired in January, 1918, ap-
pointed T. J. Rice, inspector of oils under the provisions
of section 2204 of the Kentucky Statutes to fill out the
term of the former inspector, which it is alleged would
have expired in June, 1921.

At the November election, 1917, H. P. Purnell was
elected county judge to succeed Rice, and in August,
1918, he appointed Stanton C. Clift, oil inspector, in
place of Rice.

Following this appointment Rice brought suit against Clift and Judge Purnell to enjoin Clift from qualifying or exercising any of the powers or duties of inspector and to enjoin Purnell as judge from appointing any other person in place of Clift until the end of the term for which Rice had been appointed.

On hearing the case the lower court adjudged that the term of T. J. Rice would not expire until November 14, 1919, and enjoined Clift from exercising or attempting to exercise any of the powers of inspector until that time. He also enjoined Purnell as judge from making any further appointment to the office of inspector during the term of Rice.

From this judgment Clift and Purnell prosecute an appeal, contending that the term of T. J. Rice expired with the term of the appointing judge and therefore the term of Rice ended in January, 1918, when Purnell took the office of judge; and that Clift, his appointee, was entitled to the office until the end of the four-year term of Purnell in January, 1922. T. J. Rice prosecutes a cross appeal, insisting that his term of office will not expire until July 18, 1921, in place of November 14, 1919, as held by the lower court.

Previous to 1886 the statute providing for the appointment of oil inspectors did not fix their term of office, but in May, 1886, the legislature passed an act providing in part that "The inspector shall remain in office for four years unless removed by the court for misconduct, negligence or incompetency." This act may be found in chapter 71 of the Kentucky Statutes and the provision quoted from the act of 1886 in section 2204 of the statutes.

In Hoke v. Richie, 100 Ky. 66, the court held that the term of office of the oil inspector under the statute was four years, and that when a vacancy occurred in the office it could be filled only until the end of the four-year term during which the vacancy occurred, or in other words, that an appointment to fill a vacancy arising from any cause was only for the unexpired part of the four year term in which the vacancy occurred and not for a full term of four years.

The conclusion reached by the court in that case is criticised but we are not disposed to depart from it, although it may in some cases permit a retiring county

judge to make an appointment that will extend into and during a large part of the term of his successor in office. But, aside from this objection which rests on personal or political grounds rather than on merit or the good of the service, the construction given the statute in the Hoke case makes it easy to determine when the term of an incumbent will expire.

Following the rule laid down in the Hoke case, which was approved in Tansey v. Stringer, 25 Ky. Law Rep. 916, it is only necessary in determining when the term of an oil inspector will expire, whether he was appointed to fill a vacancy in the office or appointed when a term of four years had ended, to ascertain the date of the appointment of the first inspector under the act of 1886, now section 2204 of the Kentucky Statutes, and count four year periods from that time.

Looking now to the record we find that the first appointment of an oil inspector for Mason county under the act of 1886, now section 2204 of the Kentucky Statutes, was made or attempted to be made on November 15, 1887. This information we get from the following order of the Mason county court entered on the order book of the court in July, 1889:

"Whereas Conrad M. Phister on the 15th day of November, 1887, was appointed coal oil inspector for four years under the law passed May 15th, 1886, by Wm. P. Coons, judge of the Mason county court, and at which time his bond was signed by him with N. Cooper as surety and left in county clerk's office but there was no order made by the county court so appointing him said coal oil inspector on file and accepting his bond as such. Therefore this order is now made for then, and said Conrad M. Phister is appointed coal oil inspector for four years from November 15th, 1887, and he being in court took the oath and together with N. Cooper his surety acknowledged the bond executed by them on said November 15th, 1887, which is approved and now ordered filed and this order is to have the same force and effect as if made on said November 15th, 1887."

It will be seen from this *nunc pro tunc* order of the county court that the court found that Phister was appointed for a term of four years on November 15, 1887; and that although he executed the required bond the court failed to enter on its records an order appointing

him, and therefore on July 18, 1889, it entered the above *nunc pro tunc* order setting forth that his appointment for a term of four years began on November 15, 1887.

If Phister's appointment dates from November 15, 1887, and we should count four year periods from that date the term of Rice under his appointment made in December, 1917, would expire, as held by the lower court, on November 15, 1919. But if the appointment of Phister was not made until July 15, 1889, the date of the *nunc pro tunc* order, and four year periods should be counted from that time the term of Rice would not expire until July 18, 1921. It therefore appears that whether the term of Rice expires in November, 1919, or in July, 1921, turns on whether the appointment and term of Phister commenced on November 15, 1887, or July 18, 1889, and the solution of this question depends on the effect of the *nunc pro tunc* order made on July 18, 1889.

On behalf of Rice it is contended that the county court had no power by the order made on July 18, 1889, to postdate the appointment of Phister to November 15, 1887, or in other words, that the order made in July, 1889, was not a valid *nunc pro tunc* order, and this being so, the first order appointing Phister was the order of July, 1889.

This argument is rested on the ground that a *nunc pro tunc* order can only be made on the strength of a record showing the existence of a previous order that by mistake or inadvertence has been omitted from the record: and it is said that when the county court in July, 1889, made and entered this *nunc pro tunc* order there was no record evidence showing that Phister had been in fact appointed oil inspector on November 15, 1887, but that his appointment as of that date was by mistake or inadvertence omitted from the record, and this being so, the court was without authority by the order made in July, 1889, to postdate the time of his appointment to November 15, 1887.

In support of this our attention is called to the cases of Raymond v. Smith, 1 Met. 65; Kendrick v. Williams, 157 Ky. 767; Ralls v. Sharp's Admr., 140 Ky. 744; Montgomery v. Viers, 130 Ky. 694; Boyd County v. Ross, 95 Ky. 167.

In Morgan's Admr. v. L. & N. R. Co., 181 Ky. 76, the question was whether the county court had power to make a *nunc pro tunc* order showing the previous appointment of Hobbs as administrator of Morgan. The facts were these:

The administrators' bond book in the clerk's office in which the appointment was made showed that on February 13, 1915, Hobbs had executed bond as administrator of Morgan and that his bond had been approved, but there was no order made on the records of the county court showing the appointment of Hobbs as administrator; on September 15, 1916, the county court of Lee county entered a *nunc pro tunc* order reciting that Hobbs had been appointed administrator as of February 13, 1915, but that by oversight or inadvertence the order appointing him and accepting his bond had not been entered on the order book of the court, and it was therefore recited in the *nunc pro tunc* order that his appointment as administrator should take effect from February 13, 1915. On these facts, after reviewing the cases, it was held that the *nunc pro tunc* order was a valid order.

We think there is no substantial difference between the facts of that case and the facts of the one we have. In this case it appears that on November 15, 1887, Phister with surety executed his bond as oil inspector, although there was no order made by the county court appointing him or accepting his bond. The statute, however, did not then or now require that the bond should be recorded, but only that it be filed with the clerk of the county court; and this bond we must assume showed on its face that Phister had been appointed oil inspector. So that in entering this *nunc pro tunc* order the court was not depending on memory or the recollection of any other person but was acting upon a record in the proper office showing that Phister on November 15, 1887, had executed the bond required by the statute as oil inspector; and with this record before him the judge was not in error in finding that Phister had been appointed oil inspector on November 15, 1887, and that the judge by oversight or neglect had failed to enter on his order book an order showing his appointment.

We think the judgment should be affirmed and it is so ordered.