## Hoskins, Mayor, et al. v. Pitman.

(Decided May 3, 1929.)

E. B. WILSON for appellants.

J. G. BRUCE for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Alleging that at a meeting of the board of council of the city of Pineville held on February 9, 1923, he had been by a resolution duly passed employed to audit certain books of the city, but that through error and oversight no minute of such resolution and employment had ever been made in the records of the council, the appellee on January 26, 1928, brought this suit to require the board of council to enter of record upon its books a nunc pro tunc minute of such resolution and employ-

ment. The lower court granted the appellee the relief he asked, and from that judgment this appeal is prosecuted.

At the outset it may be said that the appellee by oral testimony and proof aliunde the city's records satisfactorily established that at the meeting of February 9, 1923, a resolution was passed employing him to audit the books. It is settled, however, that deficiencies in the records of the proceedings of the council of a city cannot be supplied by oral proof. City of Highland Park v. Reker, 173 Ky. 206, 190 S. W. 706. Nor can they be corrected by a nunc pro tunc order which itself is based upon such testimony or even upon affidavits. There must be some record evidence upon which to base such an order. As we said in the case of Lancaster Electric Light Co. v. Taylor, 168 Ky. 179, 181 S. W. 967, Ann. Cas. 1918C, 591, applying this principle to an entry of a judgment nunc pro tunc: "To say that records may be corrected or supplemented, added to or taken from, when the only basis of such action is uncertain human recollection, would be to destroy their value as record evidence, and would lessen, if not destroy, the faith of the public in the verity and permanence of public records."

It is just as essential to keep unimpaired the value which is placed under our law in the records of the proceedings of the council of a city as it is to keep unimpaired the value which is placed in the records of our courts. The record evidence upon which it is sought to base the nunc pro tunc order must be such as to furnish itself evidence that the particular proceeding in fact took place. See Auxier v. Auxier, 180 Ky. 518, 203 S. W. 310. Such was the situation in Clift v. Rice, 185 Ky. 830, 216 S. W. 101; Morgan's Adm'r v. L. & N. R. Co., 181 Ky. 76, 203 S. W. 1065; and Becker v. City of Henderson, 100 Ky. 450, 38 S. W. 857, 18 Ky. Law Rep. 881, the last of which cases dealt with a municipal record. In the case of the City of Pineville v. Burchfield, 42 S. W. 340, 19 Ky. Law Rep. 984, the ordinance involved was re-enacted by the council. There is absolutely nothing in the records of the council of the city of Pineville upon which to base the nunc pro tunc order here sought, except the following minute which appears in the minutes of a meeting of the council held April 7, 1924: "Comes E. W. Pitman and files report and audit of the city books for the years 1920, 1921 and 1922 and same is referred to the finance committee."

This minute does not of itself furnish evidence that the particular resolution employing the appellee was in fact passed. He may have filed this report having made it voluntarily or under an oral contract of employment with some member of the city government. Indeed, the report mentioned in this minute may have been another report which it is conceded was made about this time by another person covering the very years which appellee says he was employed to audit. There is nothing from this minute from which a resolution embodying a contract of employment could be inferred, and as the minute itself fails to furnish such evidence, it follows that there was nothing upon which the nunc pro tunc order could be entered, and the court should have dismissed the appellee's petition.

The judgment is therefore reversed, with instructions to enter a judgment dismissing appellee's petition.