## Fidelity & Deposit Company of Maryland v. Commonwealth, for Use of City of Jackson.

(Decided Jan. 23, 1934.)

O. H. POLLARD, L. S. BLICKENSTAFF and R. L. POLLARD for appellant.

GRANNIS BACH for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellant became surety on the bond of Charles L. Hatton as tax collector for the city of Jackson during 1931. He failed to account for $5,373.36, which was about half of the taxes with which he was charged, and, in a suit upon the bond, Hatton and his surety were adjudged to pay that sum. Only the surety appeals. The several grounds submitted for reversal of the judgment are disclosed in the course of the opinion.

Section 3545, Statutes, vests authority in the council of a city of the fourth class at any regular meeting to appoint a collector "who shall hold his office for two years from his appointment, and until his successor is appointed and qualified." The appointment under which Hatton was serving during the period covered by the bond was this entry:

"Ordinances of the City of Jackson, Kentucky, December 12th., 1927.

"Charles Hatton was nominated for chief of police and tax collector, vote as follows: Collier, aye; Little, aye; Adams, aye; Parker, aye; Riffle, aye; Sewell, aye."

Although this record of enactment is loose and informal, the purpose to appoint the officer is manifest. Exactness in form or the manner of enacting ordinances or resolutions is not required; it being sufficient if the intention or will of the governing body is reasonably clear. Baker v. Combs, 194 Ky. 260, 239 S. W. 56. Cf. Masonic Widows' & Orphans' Home v. City of Corbin, 229 Ky. 375, 17 S. W. (2d) 215. The word "nominate" is generally held sufficient for the purpose of appointing an officer if the word was used in that sense. 43 C. J. 638; Rhodes v. City of Tacoma, 97 Wash. 341, 166 P. 647.

The issue was raised that the meeting of December 12, 1927, at which this appointment was made was not a regular meeting of the council, to which the power of appointment of tax collector is restricted by the statute. There is no proof upon the issue. There is evidence that meetings held on January 4, 1932, and February 1, 1932, were regular meetings, and counsel for appellant points out that by reference to the calendar it will be seen that these dates were the first Mondays in the respective months and that December 12, 1927, was not the first Monday; hence it is deduced that it was not a regular meeting then. The argument is illusive and unsubstantial. We cannot presume that there was no change during the four years in the time for holding regular meetings of the council or that there was not an adjourned session of a regular meeting on that date.

We cannot admit that this appointment of the collector was void, which, it is claimed, would invalidate his bond and relieve the surety of liability for the officer's failure to account for taxes collected by him.

Does the statute authorizing the city council to appoint a collector for two years and until his successor is appointed and qualified invest that body with power or right to let him hold over and to execute a bond annually, which bond becomes binding upon his surety? In the recent case of Miller v. Rockcastle County, 248 Ky. 290, 58 S. W. (2d) 598, 599, the same question was considered in relation to the liability of the surety on the bond of a county treasurer who held over beyond four years. We concluded that the surety was not liable for any default occurring after the expiration of his four-year term. This was because of the limitations of the Constitution. There is no such limitation upon the

exercise of the power of appointment under which the collector of taxes for Jackson was serving or acting. The Constitution does not limit the terms of appointive municipal officers, but leaves to the Legislature and the respective cities the power to create minor or municipal offices and to appoint officers to them who may hold either during good behavior or at the pleasure of the appointing power as the law may direct. City of Louisville v. Ross, 138 Ky. 764, 129 S. W. 101; Byrne & Speed Coal Company v. City of Louisville, 189 Ky. 346, 224 S. W. 883; Booth v. Board of Education, 191 Ky. 147, 229 S. W. 84. It will be noted, moreover, that the defalcation occurred within four years of the original appointment, which was not the case in Miller v. Rockcastle County, supra. In Duke v. Sinking Fund Commissioner of Mason County, 9 Ky. Opin. 855, it was specifically held that, where the law provides that an officer may hold over, his bond covers his acts while he is holding over.

The bond was delivered to Hatton by the surety's local agent on September 10th, and, so far as the record discloses, it did not come into the hands of the city council until October 5, 1931. On that date this entry was made on the records of the city: "Tax bond Charles Hatton furnished by Fidelity & Deposit Company of Baltimore in the sum of $10,000. Copy follows." The bond was then spread at large on the record. It bears the signature of the mayor with the word "Approved." Oral evidence was heard that it was accepted and approved by the council, but this must be ignored, as appellant contends, for it is a familiar rule that a municipal corporation can speak only through its records. Hoskins, Mayor, v. Pitman, 229 Ky. 260, 16 S. W. (2d) 1052.

Denying the sufficiency of the proof of an acceptance and approval of the bond by the council, appellant relies upon this extract from Boyd County v. Ross, 95 Ky. 167, 25 S. W. 8, 9, 15 Ky. Law Rep. 520, 44 Am. St. Rep. 210:

> "It is essential to the validity and force of [a bond] that it be not only signed and delivered by sureties, but also accepted and approved by the [county] court."

As expressly stated therein, the only question decided

in that case was the authority of a county court to make and have recorded nunc pro tunc an order approving and accepting a sheriff's bond.

The meager entry respecting the bond in the instant case, omitting, as it does, to say that it was accepted and approved, would probably be evidence of such acceptance and approval, but the decision denying this ground of reversal may be placed upon the legal principles.

The statutory requirements of approval, being for the benefit and convenience of the public, are generally regarded as directory, and sureties cannot escape liability because the bond is not approved by the proper authorities. 46 C. J. 1065, 1077; 61 C. J. 1346; McQuillin on Municipal Corporations, sec. 568.

In Growbarger v. U. S. Fidelity & Guaranty Company, 126 Ky. 119, 102 S. W. 873, 876, 31 Ky. Law Rep. 555, 11 L. R. A. (N. S.) 758, 128 Am. St. Rep. 274, the binding effect of a policeman's bond was involved. It was admitted in the petition that the bond was never approved by a formal order of the board of trustees of the town, although the statute provided for its approval of the bond. It was written that the mere failure of the council to make a record of the execution or acceptance of the bond did not prevent a recovery under it if in fact it was executed and accepted. Quoting from Mechem on Public Officers, it is said in the Growbarger opinion:

"In section 269, the author mentions various informalities which would not invalidate an official bond: 'Thus, that the bond is not taken by the proper persons or in the prescribed manner, or that it was not approved, or was not approved by the designated officer, or that it was not signed or acknowledged in the presence of a particular officer, or that it was given before the time specified, or not until the time fixed had expired, or was not stamped as required, or that the officer who gave it had not been sworn, is immaterial, and the bond, if otherwise perfect, will be enforced.' Again, in section 270, it is said: 'So the fact that the officers charged with the duty of approving of filing the bond had not performed it will not defeat the validity of the bond, or release the sureties from

it.' Also, in section 313, it is declared: 'Approval being thus for the protection of the public only, it is well settled that where, by virtue of the bond, the officer has been inducted into the office, his sureties cannot escape liability for his defaults because the bond was not approved by the proper officer or was not approved at all.' "

This general rule is shown by Miller v. Rockcastle County, supra, to prevail in this state, and it is re-iterated that "the failure or neglect of a court, board, or officer, to approve or file an official bond, will not affect its validity, for the reason that the government is not responsible for the laches or wrongful acts of its officers." The situation in respect to that bond is like that here presented. The officer assumed the duties of his office on the faith of the bond with knowledge of the sureties, and the bond was left with the proper custodian. The tax collector and his surety are estopped from disputing the regularity or validity of the bond or its due approval or acceptance. 61 C. J. 1037; Basham v. Commonwealth, 76 Ky. (13 Bush) 36; Jones v. Gallatin County, 78 Ky. 491.

The tax books were delivered to the collector, and he was charged with the aggregate of the taxes, on July 1, 1931. As stated, the bond, so far as the record shows, did not come to the attention of the council until October 5th following. It does not appear what part of the taxes for which the collector was in default was collected by him in the interim. The surety claims immunity from liability for all acts done before October 5th if it be held that the bond was approved and accepted. The conditions of the obligation are that Hatton, by reason of his appointment as tax collector, would well and faithfully perform the duties incumbent upon him and "honestly account for all moneys coming into his hands as such collector, according to law." The instrument refers to the appointment "for the term beginning January 1, 1931, and ending December 31, 1931." It is manifest, we think, that the bond covers the failure of the officer to account for the money which he had collected during the year.

It seems to the court, therefore, that the appellant was correctly adjudged to be liable for the sum stated.

Wherefore the judgment is affirmed.