## Frankfort Kentucky Natural Gas Co. v. City of Frankfort et al.

## Same v. City of Midway et al.

Dec. 6, 1938.

D. L. HAZELRIGG for appellant.

GUY H. BRIGGS, J. W. JONES, Assistant Attorney General, RICHARD P. GODSON and COLVIN P. ROUSE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The question presented is whether the court should

have required the Public Service Commission of Kentucky to sign nunc pro tunc an order having the effect of determining a consolidated case before it involving gas rates for Frankfort, Versailles and Midway. Other questions raised in the circuit court have become moot. The effect of this decision, it would seem, will be only to validate the rates collected under that order. As we understand, those rates have been changed by subsequent proceedings.

The appellant's franchises in the three duties being about to expire and no agreement having been reached, proceedings were instituted before the Commission to have rates established by it. Sections 3952-1 et seq., Kentucky Statutes. On November 23, 1935, the Commission delivered its opinion which discussed and decided all questions raised. Copies of it and the Commission's order certified by the Secretary of the Commission were sent to the parties in accordance with the terms of the law. Section 3952-35, Kentucky Statutes. In due course, the cities filed a petition for rehearing, which was overruled, except in so far as it asked the Commission to make an investigation of the wholesale gas rates charged appellant by the Central Kentucky Natural Gas Company. This was sustained and the Commission declared its purpose to undertake such an investigation in a separate proceeding and to revise the local rates which had just been established to accord with the Commission's finding. This order is dated December 17, 1935. Proceeding under Section 3952-44, of the Statutes, on January 3, 1936, the cities filed in the Franklin circuit court petitions for review of the Commission's order fixing the rates. These petitions stated that the personnel of the Commission had changed and they prayed that the new members be given time, if they so desired, to reopen the cases and make other orders establishing fair rates. Soon afterward, by amended petitions, the cities pleaded that the orders of November 23rd and December 17th, 1935, were invalid because they had not been signed by the chairman or any other member of the Commission. The Company then took the position that the court was without jurisdiction to review the order. It moved the Commission to sign the two orders nunc pro tunc.

Subsequent to these motions an order was made by the Commission on February 28, 1936, in which it is re-

cited that the Commission, when composed of other members, had caused to be entered on its book various orders from and including September 10th to December 18, 1935, but without any member having signed the same. And because the records were incomplete and without force and effect until signed, and that they might be so made, "and without adopting the orders referred to as the rulings of the personnel of this Commission but only for the purpose of causing the orders as entered by the personnel of the Commission, as set out above, to be the legal acts of the Commission as composed at the time such orders were made and on the advice of the Attorney General," all the orders were declared by this one to be signed nunc pro tunc by the chairman and the secretary, "except that the orders made in Case No. 127 on November 23, 1935, and December 17, 1935, be and they are not included in the orders to be so signed."

The Company then sought to have the court mandamus the chairman or the members of the Commission to enter and sign the two orders and thereby give them effect. Evidence was heard concerning the issuance and the status of the unsigned orders. The circuit court expressed the opinion that the whole controversy should have remained with the Commission until there was no question that final orders, properly authenticated, had been entered. Because it was made to appear that before the petitions for review were filed the Commission had sustained a motion for a rehearing on what the court deemed to be the vital question the Commission must decide in order to establish a legal and reasonable rate, namely, the reasonableness of the gate rates as applied to the cities, the court remanded the entire proceeding to the Public Service Commission for the purpose of establishing the rates. All parties prayed an appeal but only the Company has prosecuted its appeal. As suggested above, the only point appellant contends for is that the court should have directed the Commission to sign the two orders nunc pro tunc.

The filing of each of the three cases was duly entered on the docket, kept by the secretary of the Commission. Likewise, all subsequent steps in course of their development. After hearings, the Commission rendered its opinion and made the orders, the record of which was promptly made on the docket. Attested

copies of its documents were regularly issued by the secretary, as stated, and the Company obeyed the orders. A great many orders and similar papers had accumulated without being entered on the minute or order book of the Commission. It appears that none of the Commissioners had signed any of the documents and, of course, not being on the minute or order book they had not been signed there. The regularity of the proceedings, the manner of handling the documents, and the authentication of the orders by the secretary of the Commission were all in due course. When the condition was discovered the Commissioners and the secretary directed that all of those papers be entered. This was after the litigation had been transferred to the circuit court. It would seem that the chairman or the other Commissioners did not include these two orders in the order of February 28, 1936, declaring all others to be signed nunc pro tunc, because those cases were then pending in the court.

The general rule with reference to the entry of nunc pro tunc orders is that when it can be seen by reference to a record what was intended to be entered but by inadvertence or mistake on the part of the judge or clerk it had not been, the same may be put to record as of the date it should have been done by a nunc pro tunc order. These rules in respect to entering and signing orders are generally applicable to municipal legislative bodies and administrative or quasi judicial commissions. Hoskins v. Pitman, 229 Ky. 260, 16 S. W. (2d) 1052.

In Helle v. Public Utilities Commission of Ohio, 118 Ohio St. 434, 161 N. E. 282, it was held that the Court or the Commission may direct that an order inadvertently omitted from the record be entered nunc pro tunc on satisfactory proof of its rendition, provided no intervening rights will be prejudiced thereby, the court saying:

"It is not the province of a nunc pro tunc order to correct a mistake in judgment, its sole function being that of correcting a clerical error in the execution of a ministerial act. Where an order has actually been rendered, but not entered on the record in consequence of mistake, neglect, omission or inadvertence of the clerk or other ministerial officer, the court or other tribunal has power to order that the judgment or order be entered nunc pro tunc.

Even so, the fact of its rendition must be satisfactorily established, and it must further appear that no intervening rights will be prejudiced. The power to enter a nunc pro tunc order is inherent in courts of justice. This power is necessary in order that the records of a court or other tribunal may be made to speak the truth where a clerical error has intervened. The decisions declaring the power and regulating its exercise are numerous and involved in no difficulty or conflict."

A finding and order of such commissions as the Public Service Commission of Kentucky, while not a judgment with the attributes of a final judgment or decree of a judicial tribunal, has the effect of a legislative act as to the parties to the proceeding and is very far reaching in its operation. Broadly speaking, the order of the Commission is conclusive when made within the scope of its authority and binding upon all parties except as a review thereof may be had by the courts. 51 C. J. 62, 64, 67. The courts ascribe to the findings of some classes of commissions, when supported by evidence, "the strength due to the judgments of a tribunal appointed by law and informed by experience." Illinois Cent. R. Company v. Interstate Commerce Commission, 206 U. S. 441, 27 S. Ct. 700, 704, 51 L. Ed. 1128; Ponds' Public Utilities, Secs. 932, 938.

The statutes require the Public Service Commission, through its secretary, to keep a full and true record of all its proceedings and all orders made or approved and confirmed by it. Sections 3952-8, 3952-43, Kentucky Statutes. To import verity to such orders, it is important that they should be punctually and permanently kept and the record properly authenticated by the Commission. There is no intimation otherwise in this record. A chain of circumstances seems to have resulted in the delay. Independent of the incompetent oral evidence that these orders were those of the Commission, formally adopted and promulgated, we think the record evidence is abundantly sufficient to show those facts and to authorize their signing nunc pro tunc. Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Rogers v. Bigstaff's Ex'r, 176 Ky. 413, 195 S. W. 777; Auxier v. Auxier, 180 Ky. 518, 203 S. W. 310; Benton v. King, 199 Ky. 307, 250 S. W. 1002; Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842.

We are of opinion, therefore, that the trial court should have authorized or mandamused the members of the Public Service Commission to sign the orders in question.

The judgment is reversed to that extent.

Whole Court sitting, except Cammack, J.