**CITY OF PIKEVILLE, Appellant,**

v.

**Bert LEE, Appellee.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

Henry D. Stratton, James P. Ramsey, Pikeville, for appellant and cross-appellee.

Dan Jack Combs, Pikeville, for appellee and cross-appellant.

PALMORE, Judge.

Pikeville is a city of the fourth class operating under the city manager form of government. It appeals from a judgment directing it to reinstate Bert Lee as a member of its police force for the remainder of what the trial court regarded as a two-year term of office. Lee cross-appeals from so much of the judgment as denies him recovery, on the ground that he found employment elsewhere and earned more than he would have received as a policeman, of the salary lost during the period of his involuntary lay-off. We are sustaining the position of the city in both appeals because we are of the opinion that Lee was never properly and legally appointed.

In June of 1957 the chief of police employed Lee on a temporary basis to fill in during the vacation of one or more of the regular police force. Shortly thereafter the chief resigned and Lee was put on a regular shift by the acting chief. The city manager was advised of the hiring, and Lee executed a bond which was then filed in the office of the city clerk with the bonds of the various officers of the city. The record contains affidavits of two of the four city commissioners then in office

to the effect that they "and the other commissioners authorized the city manager to hire such city employees" and that the employment of Lee was brought to their attention by the city manager. However, no formal action was taken by the board of commissioners as such, and there is nothing in its minute books showing the appointment or any recognition by the board of Lee's status as an officer or employee. Nevertheless, he was paid the salary of a regular policeman from June 19, 1957, until January 6, 1958, and was paid the standard uniform allowance provided by ordinance for members of the police force. Here again, however, it appears to have been the custom of the board of commissioners to permit the payroll to be met without formal approval, and the evidence contains no record of a minute book entry authorizing the payment of Lee's salary or uniform allowance.

On January 6, 1958, the newly elected board of commissioners at its first meeting declared all appointive city offices vacant and proceeded to make new appointments. Lee was not among the new appointees. His suit contends, and the trial court agreed, that on this date he was a regular police officer of the city and that under KRS 95.700(2) an appointment which does not specify a definite term is for two years. Whether the latter conclusion is correct is a decision which seems unnecessary in view of the fact that § 2 of an ordinance enacted by the common council of Pikeville in 1928 (and not shown to have been repealed or amended in this particular) provides that the terms of policemen appointed by the common council shall be two years and that removal may be had only for cause and upon the hearing of written charges. In any event, our conclusion as to the invalidity of the appointment eliminates any necessity that we construe KRS 95.700(2).

█ The power to appoint police officers in a city of the fourth class is vested in its legislative body by virtue of KRS 95.700 (1), which reads as follows:

"The city legislative body in cities of the fourth and fifth classes may, by ordinance, establish a police department, appoint its members, and provide for their number, grades, compensation and regulation."

That the legislative body is the appointing authority remains true under the city manager form of government. Cf. KRS 89.570.

██ "Where the appointment is made by a board or body, as the council, the appointment or selection must be made by a legal meeting." McQuillin, The Law of Municipal Corporations, 3d Ed. § 12.84 (Callahan & Co., 1949). The actions of a municipal legislative body are not official unless they are reflected by its formal records. Bates v. City of Jenkins, Ky., 322 S.W.2d 475; City of Hartford v. King, Ky., 249 S.W.2d 13; Lone Jack Graded School District v. Hendrickson, 304 Ky. 317, 200 S.W.2d 736; Hoskins v. Pitman, 229 Ky. 260, 16 S.W.2d 1052. See cases collected in West's Kentucky Digest, Municipal Corporations, More accurately speaking, the records through which a municipal corporation speaks are its *orders* (see Farmer v. Marr, 238 Ky. 417, 38 S.W.2d 209), and these, of course, appear only in the minute book, or journal, and the ordinance book.

█ The learned trial court felt that the fact that Lee had made and filed his bond, had openly served as a police officer of the city, and had been paid the regular salary and uniform allowance amounted to an official recognition of his status and that this was tantamount to an official and valid appointment, somewhat in the fashion of a common-law marriage. Indeed, if this were a question of a lost record these manifestations of regularity might raise a rebuttable presumption that a proper appointment had been made. See Dillon, Municipal Corporations, 5th Ed. § 393 (Little, Brown & Co., 1911), and Carter v. Sympson, 8 B.Mon. 155, 47 Ky. 155. But that is not the question in this case, because it

is undisputed that Lee never was in fact appointed by the board of commissioners.

■ We have carefully considered the further possibility, not advanced in appellee's brief, that his employment may have been validated by ratification. See Shepherd v. McElwee, 304 Ky. 695, 202 S.W.2d 166, and Audit Co. of New York v. City of Louisville, 6 Cir., 185 F. 349. Whether in such a case an imperfectly formed governmental act could be ratified without observing the formalities essential to a valid appointment in the first place is a question we are not called upon to decide, because here again we are confronted by the basic circumstance that there is no record in the minutes indicating that the board of commissioners, acting in public session, ever recognized Bert Lee as an officer or employee of the city. It did not approve the bond and order it filed, nor did it approve the payrolls or, so far as the record shows, any list of accounts bearing his name. At the very least, an official and conscious recognition of Lee's existence would be a fundamental requisite to any act or acts of ratification. For the law to say that he could be thus assimilated into the city family by a process of osmosis would not accord with what we believe to be the dignity and order which the citizens of Pikeville are entitled to expect in their city's public proceedings.

This suit was filed on January 20, 1958. On February 3, 1958, the city served and filed a motion for summary judgment with affidavits of the city clerk and chief of police showing the undisputed facts with respect to Lee's employment, including the essential fact that no official action had been taken by the legislative body. On February 17, 1958, Lee moved for a default judgment on the ground that no answer had been filed. The city answered on July 30, 1958. On November 5, 1958, the court filed an opinion setting forth his views on the issues of the case and authorizing judgment to be drawn. The motions for summary judgment and default

judgment were overruled on November 19, 1958, and judgment was entered on February 2, 1959. Lee urges that the motion for summary judgment did not enlarge or extend the time for filing answer and that he was entitled to a judgment by default. We think, however, that the answer was unnecessary because the motion for summary judgment should have been sustained.

The judgment is reversed on the appeal and affirmed on the cross-appeal, with directions to enter judgment for the City of Pikeville in conformity with this opinion.