{¶ 63} While I concur in judgment, I write separately as the disposition of this appeal hinges simply on the inability of the trial court to recapture subject matter jurisdiction through the procedural device of a nunc pro tunc judgment entry.
 {¶ 64} It is well-settled law, and specifically our court has stated: "The purpose of a nunc pro tunc order is to have the judgment of the court reflect its true action. The power to enter a judgment nunc pro tunc is restricted to placing upon the record evidence of judicial action which has actually been taken. It does not extend beyond the power to make the journal entry speak the truth, and can be exercised only to supply omissions in the exercise of functions which are merely clerical. It is not made to show what the court might or should have decided, or intended to decide, but what it *Page 18 
actually did decide." McKay v. McKay (1985), 24 Ohio App.3d 74, 75
(citations omitted.)
 {¶ 65} Further, "[w]hen a court exceeds its power in entering a purported nunc pro tunc order, that order is invalid." State v.Breedlove (1988), 46 Ohio App.3d 78, 81, citing National Life Inc. Co.v. Kahn (1937), 133 Ohio St. 111, paragraph three of the syllabus.
 {¶ 66} These principles were reaffirmed in our decision in Klammer v.Reimer (Nov. 4, 1994), 11th Dist. No. 93-L-208, 1994 Ohio App. Lexis 4981.
 {¶ 67} There is no doubt that a court has the inherent power to issue such an entry, but that power must be exercised within its jurisdictional limits. As the Supreme Court of Ohio in Helle v.Public Utilities Comm. (1928), 118 Ohio St. 434, 439, stated: "This power is necessary in order that the records of a court or other tribunal may be made to speak the truth where a clerical error has intervened."
 {¶ 68} The common law rule has been codified by Civ. R. 60(A). InDentsply Intematl., Inc. v. Kostas (1985), 26 Ohio App.3d 116, the Eighth District Court of Appeals succinctly described the proper application of Civ.R 60(A) and defined "clerical mistake" in its syllabus: "A court has the power to correct a clerical error pursuant to Civ. R. 60(A). However, this rule is applied to inadvertent clerical errors only, and cannot be used to change something which was deliberately done. Thus, a nunc pro tunc entry made pursuant to Civ. R. 60(A) does not reflect a modification of an erroneous judgment but rather supplies omissions of a clerical nature which serve to have the record speak the truth. As used in Civ. R. 60(A) a `clerical mistake' is a type of mistake or omission *Page 19 
mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." Id. at paragraph one and two of the syllabus.
 {¶ 69} Further, as we noted in Klammer, supra, "Civ. R. 60(B) provides `the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment.'McCue v. Insurance Co. (1979), 61 Ohio App.2d 101. * * *" Cale ProductsInc. v. Orrville Bronze and Alum Co. (1982), 8 Ohio App.3d 375, 378-379. (Emphasis added.) `Absent a Civ. R. 60(B) motion, a trial court lacks authority to reconsider a prior judgment entry or to enter a modified judgment on its own initiative.'" Id. at 5 (citation omitted.)
 {¶ 70} The trial court's August 17, 2006 nunc pro tunc entry vacated and completely reversed its August 14, 2006 entry which terminated the guardianship, waived the final accounting, and revoked the letters of guardianship. The effect of the nunc pro tunc entry was to vacate a judgment which was final and conclusive and certainly constituted a substantial change of the final order entered August 14, 2006. As the nunc pro tunc entry went beyond correcting a clerical mistake and as there was no motion filed, neither Civ. R. 60(A) nor Civ. R. 60(B) provide safe harbors for the trial court.
 {¶ 71} Thus it may be simply held that when the trial court attempted to "correct" its August 14, 2006 order terminating the case it exceeded its jurisdiction and acted in contradiction to the purpose of a nunc pro tunc order. *Page 1