**RAILROAD COMMISSION OF TEXAS**
et al., Appellants,

v.

**L. S. JACKSON, d/b/a Hub Motor Lines**
et al., Appellees.

No. 10588.

Court of Civil Appeals of Texas.

Austin.

July 2, 1958.

Rehearing Denied July 30, 1958.

Will Wilson, Atty. Gen., James N. Ludlum, First Asst. Atty. Gen., J. W. Wheeler and Morgan Nesbitt, Asst. Attys. Gen., for Railroad Commission of Texas.

Grady L. Fox, Amarillo, Small, Small & Craig, Austin, for appellant Curry Motor Freight Lines, Inc.

Joe T. Lanham, Austin, for appellees.

GRAY, Justice.

This appeal is from a judgment setting aside an order of the Railroad Commission which order placed a restriction in a common carrier motor carrier certificate.

The suit was brought by appellees, three motor carriers, against appellants, the Railroad Commission and Curry Motor Freight Lines, Inc., to set aside an order of the Commission dated October 3, 1957, placing operating restrictions in an existing common carrier motor carrier certificate.

Appellees alleged that the order is void and constitutes an unreasonable, arbitrary and capricious taking of valuable operating rights without due course of law because: it violates Sec. 12 of Art. 911b, Vernon's Ann.Civ.St.; the restriction has never legally been in the certificate; by approving the sale and transfer of the certificate the Commission has ratified its omission, and Curry is barred by laches from complaining to the Commission that the restriction was omitted from the certificate.

At a nonjury trial judgment was rendered striking down the order and per-

manently enjoining the Commission and Curry from taking any action to enforce it.

We will relate the history of the certificate and of the complained of restriction.

In 1929 certificate No. 2471 was issued to Dawson Truck Line under the "grandfather" clause of the Motor Carrier Act. See Sec. 5 of Art. 911b, supra. This certificate granted Dawson authority to operate a motor carrier service from Amarillo to Littlefield via Hart, Olton, Sudan and Amherst on Mondays, Wednesdays and Fridays, returning on Tuesdays, Thursdays and Saturdays. In 1930 certificate 2471 was transferred to Franks and Graham Truck Lines. In 1934 Graham purchased Franks' interest and on April 1, 1936 applied to the Commission for authority to operate one round trip daily from Amarillo to Littlefield via the above named towns on a schedule of six trips weekly.

After notice and hearing and on June 22, 1936, the Commission entered its order granting Graham's application which order recites:

"The Commission Finds: That at the hearing the applicant agreed not to pick up freight at Amarillo destined to Plainview or Lubbock, either directly by himself or by connecting carriers."

However amended certificate 2471 as issued on June 30, 1936, did not contain any restriction but granted Graham authority to make "one Round Trip Daily" from Amarillo to Littlefield via Hart, Olton, Sudan and Amherst. On July 14, 1936, the Commission granted Graham's application to amend certificate 2471 by using two additional trucks. On October 3, 1938, the Commission received the motion of A. R. Dalby, d/b/a Dalby Motor Freight Lines alleging that Dalby was one of the original protestants to the application of Graham heard by the Commission on July 14, 1936, calling the Commission's attention to its finding and recital of June 22, 1936 supra and praying:

" * * * that a new order be issued in said matter expressly prohibiting Johnnie Graham, DBA Johnnie Graham Truck Express Loop from picking up freight at Amarillo and transporting the same to Plainview or Lubbock, either directly or by connecting carriers, and that a new certificate be issued containing such express restrictions and further that new cab cards be issued to said Johnnie Graham, expressly containing such restrictions, and for such other relief as the Commission sees fit to grant in the case."

This motion was filed under docket No. A–342. On November 16, 1938, notice of this motion was duly given that the motion would be heard at the Herring Hotel in Amarillo on Wednesday, November 30, 1938, at 9 o'clock A.M. On April 20, 1939, the Commission entered an order under docket No. A–342 finding that Graham made the agreement recited supra and on April 28, 1939, certificate 2471 was amended with the following restriction:

"The applicant is prohibited and restricted, either directly by himself or by connecting carriers in picking up freight at Amarillo destined to *Plaintivew* and Lubbock."

Graham did not protest this order but accepted restricted certificate 2471 and operated under it until 1944 when with the approval of the Commission he transferred the certificate to Dalby who operated under it until August 2, 1945, when the Commission approved his application to sell it to Miller and Miller. Certificate 2471 issued to Miller and Miller did not contain the restriction.

Miller and Miller consolidated certificate 2471 with certificates Nos. 2604–A, 2446 and 3548 and new certificate 3548 was issued. This certificate authorized service:

"From Sudan to Lubbock via Anton daily except Sundays;

"From Sudan to Plainview via Amherst and Olton on schedule of one round trip every Friday;

"From Amarillo to Littlefield via Hart, Olton, Sudan and Amherst, daily.

"(This is a consolidation of Certificates Nos. 2604–A, 2446, 2471 and 3548.)"

Restrictions were not placed in new certificate 3548.

On July 1, 1946, Miller and Miller by order of the Commission divided certificate 3548 and the authority granted by certificate 2471 was placed in corrected certificate 3469. Miller and Miller sold corrected certificate 3469 to L. S. Jackson, d/b/a Hub Motor Lines. This sale was approved by the Commission and a new certificate was issued without the restriction. Later Jackson and others divided certificate 3469 and a certificate without restriction was issued to Hub Motor Lines but it is now owned by Amarillo Truck Terminal, Inc.

In January, 1956, a motion was filed with the Commission praying that certificate 3469 be reissued by adding the restriction contained in certificate 2471 as of April 28, 1939, supra. On October 3, 1957, the Commission corrected certificate 3469 so as to include the restriction supra. This order is the subject matter of this suit and was set aside by the trial court.

It is to be noticed that certificate 2471 as originally issued authorized a triweekly service from Amarillo to Littlefield. This service was enlarged to a six trip per week service and, without reference to the recited agreement of Graham, it was an unrestricted service. However certificate 2471 as later issued was restricted as to freight picked up at Amarillo and destined to Plainview or Lubbock and as restricted it was accepted by Graham and operated by him until he sold to Dalby upon whose motion the restriction was first written into certificate 2471.

There is no order of the Commission granting unrestricted service over the route set out in certificate 2471, except as above stated, on a finding of public convenience and necessity.

196

Sec. 5 of Art. 911b, supra (also Sec. 3) provides that motor carriers shall not operate as common carriers for the transportation of property for compensation or hire over the public highways of this State without having first obtained from the Commission "a certificate declaring that the public convenience and necessity requires such operation." This section further provides that any certificate may be sold, assigned, leased, transferred or inherited provided that any proposed sale, lease, assignment or transfer must be presented to the Commission for approval or disapproval. The Commission is authorized to disapprove such proposed sale, etc., if it finds and determines that the proposed transfer is not in good faith or that the proposed transferee is not able or capable of continuing the operation in such manner as to render the services demanded by the public necessity and convenience along the route, or that such proposed sale, etc., is not best for the public interest. Section 11 provides that upon the filing of an application for a permit or a certificate the Commission shall fix a time and place for hearing and shall give not less than ten days notice of such filing and of the time and place for hearing. Section 21 provides that whenever notice is required that ten days exclusive of the day of service and return shall be reasonable notice—except in cases of emergency.

Considering the history of the restriction in question it is shown that it was placed in certificate 2471 after notice and hearing and was accepted by the then holder of such certificate and by Dalby, its first subsequent purchaser. As noted supra unrestricted service over the route specified has never been granted by the Commission.

We hold that the restriction was legally placed in certificate 2471 and that it has never been removed by order of the Commission.

We now must decide whether the facts that the certificate was subsequently sold, consolidated and separated with the approval of the Commission and new certificates issued without the restriction removed it as a matter of law. We think not, because: (1) Section 5, supra, authorizes the transfers, and (2) such removal would authorize unrestricted service over the designated route without the requisite findings of public convenience and necessity as provided by section 5, supra.

As we have already said the restriction came into existence by a lawful order of the Commission and its omission from subsequent certificates was a ministerial omission and was not an official pronouncement.

The strict rules applicable to courts do not apply to administrative agencies yet they are subject to the general legal principles regulating judicial tribunals. 73 C.J.S. Public Administrative Bodies and Procedure § 75, p. 401. The Commission is a continuing body created by law and it has a continuing duty which is not affected by earlier insufficient action. 73 C.J.S. Public Administrative Bodies and Procedure § 56, p. 380.

By its order of October 3, 1957, the Commission did not issue a new certificate but corrected certificate 2471 to make it speak the truth. This action of the Commission and its authority to act is comparable to the authority of a court to correct its judgments to make them correctly speak the truth as to omitted facts. This may be done by the court on its own motion, or on the motion of any interested party even though he is not a party to the proceedings. 25 Tex.Jur. p. 438, Sec. 69, and p. 528, Sec. 134.

The Commission was authorized to enter the order of October 3, 1957 and in so doing its action was not controlled by its approval of prior transfers of certificate 2471 and issuing new but insufficient certificates. The order (October 3) is presumptively correct. 73 C.J.S. Public Administrative Bodies and Procedure § 145, p. 478. And as is shown supra the statutory requirements pertaining to notice and

hearing of the motion are in evidence and there is no evidence to overcome the presumption that the order is valid.

Appellees say that the order of October 3 violates Sec. 12(b) of Art. 911b, supra. We quote this section:

"The Commission at any time after hearing, had, upon notice to the holder of any certificate or permit and after opportunity given such holder to be heard, may by its order revoke, suspend or amend any certificate or permit issued under the provisions of this Act, where in such hearing the Commission shall find that such certificate or permit holder has discontinued operation or has violated, refused or neglected to observe the Commission's lawful orders, rules, rates or regulations or has violated the terms of said certificate or permit; provided, that the holder of such certificate or permit shall have the right of appeal as provided in this Act."

The question presented to the Commission was not a violation of certificate 2471 or its terms, nor the violation, refusal or neglect to observe the Commission's orders, rules, rates or regulations but only its right to make the certificate speak the truth. Section 12(b), supra, is not applicable to the facts here.

Appellee's plea of laches cannot be sustained because the order of October 3 placing an existing restriction in certificate 2471 pertained to the enforcement of a purely legal right asserted by a subdivision of the State. 27 Tex.Jur. pp. 19–22, Sec. 4 and 5.

The several transfers of certificate 2471 conveyed only the legally existing operating rights existing under that certificate. The order of October 3, 1957 merely made the certificate speak the truth and did not take away existing operating rights.

The judgment of the trial court is reversed and judgment is here rendered that the order of October 3, 1957, is valid.

Reversed and rendered.