RAILROAD COMMISSION of Texas et al.,
Appellants,

v.

Frank McCLAIN et al., Appellees.

No. 10948.

Court of Civil Appeals of Texas.

Austin.

April 4, 1962.

Will Wilson, Atty. Gen., Frank J. Maloney, Jr., Leon F. Pesek and Marvin Sentell, Asst. Attys. Gen., Austin, for appellants.

Lanham & Hatchell, Austin, for appellees.

RICHARDS, Justice.

Parrish Brothers and Frank McClain, appellees, brought suit against the Railroad Commission of Texas, appellant, to set aside two orders of the Commission, dated April 12, 1961, correcting Specialized Motor Carrier Certificates issued to Parrish Brothers and Frank McClain by replacing an "in bulk" restriction in the authority given under the certificates to haul cottonseed. The Trial Court rendered judgment for appellees holding that the orders of the Commission constituted an attempt to revoke a portion of the operating rights authorized in the Specialized Motor Carrier Certificates and that such orders were illegal and void. In addition, the Trial Court granted a permanent injunction against the Railroad Commission from attempting to

enforce the provisions of the invalid orders, from which judgment the Commission has perfected this appeal.

The Commission's appeal is based upon two points of error, the first being that the Trial Court erred in holding that the Commission's orders of April 12, 1961 revoked a portion of the operating rights authorized in the Specialized Motor Carrier Certificates issued to appellees, and second, that the Trial Court erred in holding that the Commission's orders correcting the certificates in controversy by replacing the "in bulk" restriction on cottonseed were void and invalid.

On August 22, 1952 the Commission issued Specialized Motor Carrier Certificate No. 7419 granting authority to appellee Parrish to transport in addition to other commodities, cottonseed in bulk from all points within a 100-mile radius of Lockhart, Texas to all points within a 400-mile radius of Lockhart, Texas and vice versa. On November 19, 1952 Parrish filed with the Commission an application to amend Certificate No. 7419, seeking to amend the authority granted in the original certificate to include various additional commodities, to increase the radius for service of the commodities previously authorized and to transport "Cottonseed from all points within a 100-mile radius of Lockhart, Texas to all points in Texas and vice versa."

Required notice of hearing on the amended application was given and hearing was held by the Commission at Austin, Texas March 10, 1953. On March 20, 1953 the Commission issued its order amending Certificate No. 7419 granting Parrish's application in all respects including his right to transport cottonseed from all points within a 100-mile radius of Lockhart, Texas to all points in Texas and vice versa without restriction. In its order the Commission found as a fact that the type of service sought in the application was not rendered by regular route common carrier motor carriers and the rail lines and that the existing specialized motor carrier service

was inadequate since it was not available when needed and that trucks and facilities are not available when needed.

Certificate No. 7419 as amended was issued by the Commission to Parrish on March 24, 1953. Parrish continued to transport cottonseed both in bulk and in bags in accordance with his amended certificate without any question being raised by the Commission under Sec. 14(a), Art. 911b, Vernon's Civil Statutes, until 1959, at which time a rate inspector for the Commission advised Parrish that he did not have authority to haul cottonseed in bags. There had been no rates prescribed by the Commission for movement of cottonseed in bags although there were rates for movement of cottonseed in bulk.

After the question had been raised by the Commission's rate inspector, Parrish came to Austin, conferred with Guy D. Huddleston, Chief Rate Inspector for the Commission, and one of the Commission's examiners, at which time Parrish's certificate file was reviewed and Huddleston wrote a letter on December 7, 1959 upon the Commission's stationery, stating that the amended certificate did not restrict the transportation of cottonseed in bags and since there were no rates prescribed for cottonseed in bags transported under the certificate, it was agreeable to all parties (Parrish and the Commission) to charge the rate prescribed on cottonseed in bulk and in truck load lots.

On December 22, 1959 Huddleston wrote to Olin Ward, the Commission Rate Inspector, who originally raised the question with Parrish, stating that Parrish had conferred with him about the amended certificate and that in his opinion Parrish could transport cottonseed in any manner he saw fit but that he did not think the application was properly drawn or the certificate properly issued "but until it is contested in the Court House, we are left with no other option but to accept it as it now stands," and that the rates to be charged had been satisfactorily settled with Parrish.

On September 8, 1953 the Commission issued Specialized Motor Carrier Certificate No. 9325 to Frank McClain, which, in addition to other commodities, authorized McClain to transport "cottonseed in bulk in truck loads from any point in Caldwell County, Texas to any point within a 50-mile radius of Caldwell County, Texas and vice versa." On August 2, 1956 McClain filed with the Commission his application to amend Certificate No. 9325 seeking to increase the radius of service for the commodities previously authorized and to transport "cottonseed and grain in truck loads from any point in Caldwell County, Texas to any point in Texas and vice versa."

Notice of hearing on the amended application was given and hearing was held by the Commission at Austin, Texas on August 28, 1956. On September 21, 1956 the Commission issued its order amending Certificate No. 9325 granting McClain's application in all respects including his right to transport cottonseed and grain in truck loads from any point in Caldwell County, Texas to any point in Texas and vice versa without restriction. In its order the Commission made fact findings identical with the facts found in granting Parrish's application to amend Certificate No. 7419 and the amended certificate was issued to McClain on October 4, 1956.

On December 20, 1960 the Commission without notice or hearing to Parrish and McClain issued orders revoking their rights to transport any cottonseed other than "in bulk". The order relating to Parrish's certificate recited as follows:

"A review of the files and records reflects that the authority to transport cottonseed with no restriction as to the manner in which it is to be transported was in error in not writing the authority as cottonseed in bulk."

and to McClain's certificate:

"It is further revealed from a review of the certificate file that in the preparation of the order and certificate granting the expanded area in the transportation of Cottonseed and Grain that an error was committed in that those commodities should have been in bulk in truck-load quantities."

Both Parrish and McClain filed exceptions to the orders of December 20, 1960, which were issued without notice and hearing. The Commission then published notice that on its own motion it would have a hearing to determine whether the certificates should be reformed as originally attempted to be reformed by its order of December 20, 1960.

Hearing was held before one of the Commission's examiners and on April 12, 1961 the Commission issued its order on the Parrish certificate which is, in part, as follows:

"THE COMMISSION FURTHER FINDS that there was no intention on its part to issue such authority with regard to Cottonseed in bags, and that it was in error in issuing the authority with regard to Cottonseed unrestricted, when the authority issues should have been 'Cottonseed in bulk'.

"THE COMMISSION FURTHER FINDS from its records that there have been other transactions involving certificate 7419 up to December 20, 1960, including the consolidation of this certificate into SMC certificate 9795, when the Commission issued its order correcting SMC certificate 9795 so that such authority would read 'Cottonseed in bulk in truck load lots from all points within a one hundred (100) mile radius of Lockhart to all points in Texas and vice versa'. The Commission further finds, in reviewing its files and records, that, in compliance with the statutes, it did not intend to issue authority to transport Cottonseed in bags, nor to authorize the transportation of Cottonseed in any other fashion than in bulk in truck load quantities, and that such equipment was specialized in nature in that it met all the requirements of the

statutes and the rules and regulations of the Commission in requiring specialized equipment for the loading, unloading and transportation of Cottonseed in bulk.

*"THE COMMISSION FURTHER FINDS that it was in error in issuing its order dated December 20, 1960, correcting SMC certificate 9795 without issuing notice and setting same down for hearing.* The Commission has therefore issued notice and set this matter for hearing, and hearing has been held thereon and the Commission is of the opinion that all requirements have been met in correcting certificate 9795, and does reaffirm its action taken in its order dated December 20, 1960. \* \* \*"* (Italics supplied.)

On the same date the Commission issued its order on the McClain certificate which is, in part, as follows:

"THE COMMISSION FURTHER FINDS, after reviewing its files and records, that when the authority to transport Cottonseed and Grain in truck loads was issued as a result of the amendment, nowhere in the application to amend did the applicant allege or request the authority to transport Cottonseed and Grain in sacks or bags. The Commission was in error in issuing the authority to transport Cottonseed and Grain unrestricted and in truck loads, because it is known throughout the industry that the transportation of Cottonseed and Grain in sacks or bags does not require any specialized equipment for the loading, unloading and transportation thereof.

"THE COMMISSION FURTHER FINDS from its files and records that SMC certificate 9325 was corrected by order of the Commission dated December 20, 1960, and certificate dated December 21, 1960, wherein the authority to transport Cottonseed and Grain was restricted to the transportation of Cot-

tonseed and Grain in bulk in truck loads from any point in Caldwell County, Texas, to any point in Texas, and vice versa.

*"THE COMMISSION FURTHER FINDS that this order correcting the Cottonseed and Grain authority was corrected without notice or hearing,* and the Commission has now issued notice and conducted a hearing in this matter and does reaffirm its order of December 20, 1960, and does correct its order dated September 12, 1956, and certificate dated October 4, 1956, so that henceforth as to the commodities Cottonseed and Grain, the certificate shall authorize the transportation of Cottonseed and Grain in bulk in truck loads from any point in Caldwell County, Texas, to any point in Texas and vice versa. \* \* \*"* (Italics supplied.)

At the hearing on April 28, 1961 the Examiner stated with reference to the so-called correction orders dated December 20, 1960, which were entered without notice or hearing to either of the appellees, that:

"We want to try to put this term (in bulk) in there, and if you all are objecting to it we will try to make it legal by setting it down for hearing. It looks like we are going to have to go back and cancel this out and start from scratch and come at it in another way, but I don't know that we can proceed any differently." (Parenthetical matter supplied.)

That the Commission took cognizance of the invalidity of the orders of December 20, 1960 is evidenced by the italicized parts of the orders of April 12, 1961, supra.

■ The orders of 1953 and 1956 granting Parrish and McClain authority to transport cottonseed without restriction had become final in 1960 and the Commission had lost jurisdiction to review its orders, Sproles Motor Freight Line v. Smith, Tex.Civ.App., 130 S.W.2d 1087, error ref., and the Com-

mission could not review or rehear its final orders. Smith v. Wald Transfer, Tex.Civ. App., 97 S.W.2d 991, error dism.

■ But the Commission contends that it has the power to correct its order which contain clerical errors or omissions due to inadvertence or mistake at any time by the entry of a *nunc pro tunc* order so as to make them correctly speak the truth as to the omitted facts, citing Railroad Commission of Texas v. Jackson, Tex.Civ.App., 315 S.W.2d 193, error ref., N.R.E., and American Trucking Ass'n v. Frisco, 358 U.S. 133, 79 S.Ct. 170, 3 L.Ed.2d 172, in support of its contention. Administrative agencies, like the Courts, have power to enter nunc pro tunc orders where it can be seen by reference to a record what was intended to be entered but which was omitted by inadvertence or mistake, upon satisfactory proof of its rendition provided that no intervening rights will be prejudiced. Frankfort Kentucky Natural Gas Co. v. City of Frankfort, 276 Ky. 199, 123 S.W.2d 270, 272.

■ At the hearing before the Trial Court no evidence, oral or documentary, was offered by the Commission why it believed in 1960 that the errors in the orders were typographical errors or errors of omission made in entering the orders on the applications to amend the certificates in 1953 and 1956.

It is also apparent from the record that at the hearing before the Railroad Commission on February 28, 1961 no evidence concerning any file, transcript, record or order was offered or made available for the purpose of showing why the Commission believed that an error or omission had been made in the entry of the amended orders. On the contrary, the Examiner stated that the Commission's reporter who appeared at each of the hearings on appellees' application to amend their certificates stated that his notes had not been transcribed and had been destroyed. As a result, the Commission had nothing before it when it entered its void orders of December 20, 1960, or on

April 12, 1961 which could justify it in reaching the conclusion that the words "in bulk" had been omitted through error, omission or mistake in entering its amended orders on March 20, 1953 and September 12, 1956.

If the members of the Commission were relying upon their memory in making the factual findings set forth in their orders entered April 12, 1961 as the basis for holding that the words "in bulk" had been omitted from the certificates through inadvertence, they should have recalled also that at the hearing on the McClain application to amend his certificate Parrish appeared in person and contested the application.

The factual situation in the instant case is entirely different from the factual situations in Railroad Commission v. Jackson, supra, and American Trucking Ass'n v. Frisco, supra. In the Jackson case it was apparent from the record before the Commission that a restriction agreed upon by the applicant at a hearing on his application which restriction was a matter of record, had been omitted from subsequently amended and consolidated certificates.

In American Trucking Ass'n v. Frisco, supra, the Interstate Commerce Commission had failed to restrict motor carrier service authority when issuing the actual certificate although the recommended report of the Hearing Examiner stated that it should be so restricted and the Commission had ordered that the authority granted be restricted. The omission being a ministerial error apparent from the record, the Court upheld the power of the Commission to correct the authority by inserting the restriction after notice and hearing. Here there was no evidence before the Commission or the Trial Court of any prior contrary intention on the part of the Commission to restrict the authority granted in the amended certificates issued in 1953 and 1956.

■ The Commission also contends that it was without power or authority to issue an unrestricted authority to either of ap-

pellees to transport cottonseed in sacks or bags or in any fashion than in bulk truck load quantities because the transportation of cottonseed in sacks or bags does not require any specialized equipment for the loading, unloading and transportation thereof.

In Sec. 1(i), Art. 911b, V.C.S. "* * * the term 'specialized motor carrier' as used [herein] shall include those carriers who engage or desire to engage exclusively in the transportation of * * * property requiring specialized equipment as that term is hereinafter defined * * *."

The same section provides that the term "property requiring specialized equipment" is limited among other items to "commodities which by reason of length, width, weight, height, size or other physical characteristics require the use of special devices, facilities, or equipment for their loading, unloading, and transportation." There is no statutory requirement that in the case of a commodity such as cottonseed in bags which by reason of its weight, size, or other physical characteristics requires the use of special devices and facilities or equipment for its loading and unloading, such equipment be attached to or made a part of the motor vehicle used in its transportation.

The uncontradicted evidence before the Trial Court showed that the loading and unloading of cottonseed in sacks was generally performed by the shipper and consignee by special devices and that cottonseed in bulk is also loaded by special devices which are not attached to or form a part of the motor vehicle used in transporting it and that different types of specialized equipment were used by the appellees in transporting cottonseed both in bulk and in bags.

When the definitions of terms contained in Sec. 1(i), Art. 911b, supra, are applied to the uncontradicted testimony there was sufficient evidence before the Trial Court to find as a fact that the unrestricted authority granted by the Commission to transport cottonseed either in bulk or in bags

issued under the Commission's orders entered March 30, 1953 and September 12, 1956 to appellees Parrish and McClain respectively, required specialized equipment and did not violate the provisions governing the issuance of certificates to specialized motor carriers under Art. 911b, V.C.S.

Both of appellant's points of error are overruled and the judgment of the Trial Court is in all things affirmed.