

# The Attorney General of Texas

September 3, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim Weems
Hockley County Attorney
Hockley County Courthouse
P. O. Box 11
Levelland, Texas    79336

Opinion No.   JM-350

Re:  Whether a commissioners court
may expend county travel funds to
oppose issuance by the Alcoholic
Beverage Commission of a private
club permit

Dear Mr. Weems:

You ask whether

> a county commissioners court, after having duly
> voted on a Motion To Protest the Issuance Of A
> Private Club License for a private club to be
> located in the county over which the said commis-
> sioners court presides, acting as a governing
> body, may expend county funds for travel and
> related expenses, to go to Austin, Texas, for the
> purpose of protesting against the issuance of such
> private club license from the Alcoholic Beverage
> Commission.

You advise that the expenses at issue are for travel and related costs
of county commissioners themselves and selected witnesses for the
county.

The issuance of "private club registration permits" is governed
by chapter 32 of the Alcoholic Beverage Code, which was enacted as a
nonsubstantive recodification of prior law. Acts 1977, 65th Leg., ch.
194, at 391, 558. Section 32.03 thereof sets out the qualifications
for permits, and section 32.04 describes applications therefor. Under
section 11.43, the Alcoholic Beverage Commission has discretionary
authority to grant or issue such permits; however, the commission is
required by section 11.41(a) to give due consideration to the
recommendations of various officials of the locality for which the
license is sought. Cf. V.A.P.C. arts. 666-11, 666-12a (repealed).

Section 11.41(a) further provides:

> If a protest against the issuance of a permit is
> made to the commission by any of these officers
> and it is found on a hearing or finding of facts
> that the issuance of the permit would be in
> conflict with the provisions of this code, the
> commission or administrator shall enter an order
> setting forth the reasons for refusal.

And section 11.41(b) reads:

> (b)  In the granting or withholding of a permit
> to sell alcoholic beverages at retail, the commis-
> sion or administrator may give consideration to a
> recommendation made in writing by the commis-
> sioners court of the county in which the applicant
> proposes to conduct his business or by a repre-
> sentative of the commission.

Thus, personal appearances or oral testimony at the hearing is not a
prerequisite to consideration by the Alcoholic Beverage Commission of
the official views of the county commissioners court.  Of course,
in-person advocacy may prove to be a more effective method of
persuasion.

The question of whether county funds may be properly expended to
better advocate the county's position on such a question is not
directly governed by the Alcoholic Beverage Code, but by the statutes
and constitutional provisions appertaining to the powers of a county
commissioners court.  The Texas Constitution provides, in article V,
section 18(b):

> The County Commissioners . . . with the County
> Judge as presiding officer, shall compose the
> County Commissioners Court, which shall exercise
> such powers and jurisdiction over all county
> business, as is conferred by this Constitution and
> the laws of the State, or as may be hereafter
> prescribed.  (Emphasis added).

However, the Alcoholic Beverage Code (by requiring that the Alcoholic
Beverage Commission give consideration to the positions of local
officials) indirectly makes it clear that the matter of recommending
liquor permits for establishments in a county may properly be con-
sidered "county business."

Although the legal basis for any action by a county commissioners
court must be ultimately found in the constitution or the statutes,
Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948), where a right is
conferred or obligations imposed on the commissioners court, it has a

broad discretion to accomplish the purposes intended.  Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941).

We are aware of no statute that specifically authorizes a county to incur travel related expenses for the purpose of opposing a proposed private club registration permit.  We believe the provision authorizing the Alcoholic Beverage Commission to consider the views of county officers contemplates an opportunity to present such views effectively.  If the commissioners court of Hockley County, in good faith, deems it to be in the interest of the county to expend county travel funds for the purpose of presenting those views in person or through witnesses, we cannot say it is without power to do so.  V.T.C.S. arts. 2350, §1a; 2351, subdiv. 15; 3912k.  See Attorney General Opinion M-680 (1970).  Cf. Pritchard & Abbott v. McKenna, 350 S.W.2d 333 (Tex. 1961).

## S U M M A R Y

If a county commissioners court deems it to be in the interest of the county to do so, it may expend county travel funds for the purpose of opposing an application for a private club registration permit pending before the Alcoholic Beverage Commission.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

**Rick Gilpin, Chairman**
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood